[Civ. No. 18061. First Dist., Div. Two. Sept. 12, 1958.]

THOMAS S. HAFEY et al., Respondents, v. CITY OF BERKELEY et al., Appellants; and two consolidated cases.[1]

[Civ. No. 18062. First Dist., Div. Two. Sept. 12, 1958.]

WILLIAM E. BAIRD et al., Respondents, v. CITY OF BERKELEY et al., Appellants; and consolidated case.[2]

[Civ. No. 18063. First Dist., Div. Two. Sept. 12, 1958.]

JOSEPH R. MANSFIELD et al., Respondents, v. CITY OF BERKELEY et al., Appellants; and two consolidated cases.[3]

---

*Assigned by Chairman of Judicial Council.

[1]Clementine Parham v. City of Berkeley et al.; Norman Harstad v. City of Berkeley et al.

[2]Lawrence G. Buchenery et al. v. City of Berkeley et al.

[3]Frank J. Glaeser et al. v. City of Berkeley et al.; Britton Stickler v. City of Berkeley et al.

Fred C. Hutchinson, City Attorney, and Robert T. Anderson, Assistant City Attorney, for Appellants.

Cornish & Cornish and Robert H. Fouke for Respondents.

DRAPER, J.—These actions (consolidated on appeal) seek determination of rights under the police and fire department retirement ordinances of the city of Berkeley. Plaintiffs are retired department members and widows of firemen and policemen, all of whom were receiving retirement pensions. They asserted a right to retirement allowances in excess of the amounts being paid to them. Judgment directed payment of additional amounts, and declared plaintiffs' right to like larger payments in the future. Defendants (the city and its pension boards) appeal.

The ordinances provide for payment to retired policemen and firemen of a proportion (one-half or two-thirds, depending upon length of service) "of the average salary attached to the rank or ranks held during the three years immediately preceding the date of retirement." This provision has been construed as basing the pension upon the fluctuating salary of the rank at which the employee retired. Thus, when the salary of the rank held at retirement is increased, the retirement pension increases proportionately. (*Terry* v. *City of Berkeley,* 41 Cal.2d 698 [263 P.2d 833] ; see also *Eichelberger* v. *City of Berkeley,* 46 Cal.2d 182 [293 P.2d 1].) In 1944, the ordinances were amended to provide for a fixed pension based on average salary of the last three years before retirement. However, the 1944 amendments do not affect those who were members of the service before their effective date, June 16, 1944. (*Glaeser* v. *City of Berkeley,* 148 Cal. App.2d 614 [307 P.2d 61].) All plaintiffs who are retired members of either department were employed before that date. Thus appellants concede that, as soon as there is an increase in the pay of the rank from which each such respondent retired, the retirement pension is to be based upon current salary of such rank.

The issue here concerns only the amount of the pension to which a retired employee is entitled from date of retirement to the date of the first pay increase of the rank from which he retired. Appellants contend that for this period the employee is to receive the average salary paid, during the three years before retirement, to the rank at which he retired. Respondents contend that each is entitled, until the first salary increase after his retirement, to a pension based upon the salary paid at the time of his retirement to the average rank which he had held for the preceding three years. Each of the retired respondents had at least one pay increase in the three years before his retirement, and

thus, under respondents' construction, would receive a larger pension, over the period from retirement to first subsequent increase in pay, than under the construction urged by appellants.

In *Terry* v. *City of Berkeley, supra,* 41 Cal.2d 698, 700, the Supreme Court quoted plaintiff's contention that ''the three-year period defines only the rank held and not the salary earned'' and (at p. 701) the contention that the language of the three-year provision ''merely changes the method of determining the 'rank' on which the pension payments are to be based.'' That decision did not pass upon the precise point here involved, but the court clearly held that the three-year period is looked to only to determine rank, rather than average salary.

The application of this interpretation is shown in the case of respondent Davis, who was assistant chief of the fire department for $19\frac{1}{2}$ months of the three years preceding his retirement, and deputy chief (a higher paid rank) for $16\frac{1}{2}$ months of that period. The trial court held that his pension, at the outset of his retirement, was the average reached by taking into account $19\frac{1}{2}$/36ths of the salary of an assistant chief as at date of retirement, and $16\frac{1}{2}$/36ths of the salary of the deputy chief at the same time. Upon any increase of salary of either or both ranks, the base of his pension is recomputed upon the same proportions. This approach gives effect to an ''average'' not only at date of retirement, but also after the first subsequent increase in pay. Appellants' contention would give effect to a three-year average only for the period from retirement to first salary increase.

It is difficult to reconcile appellants' contention with the Terry decision. If the base for retirement pay is the average salary received by the employee in his last three years of active service, that base should continue in effect regardless of changes in salary of the rank at which he retired. But it is precisely that contention which was rejected by the Supreme Court, which held that the three-year period applies to rank, and not to salary. It is the current salary of the rank which determines the amount of pension. We find no language in the ordinance or in the Terry decision which would indicate that another rule applies between date of retirement and date of first increase in salary thereafter. Reason suggests strongly that the rule fixing current salary as the base should apply at date of retirement, as well as at date of first subsequent salary increase. The same language

which admittedly precludes reference to the three-year salary average after the first increase can hardly be relied upon to require such reference before that date.

Further, in resolving any ambiguity in the language of the ordinance, we are bound by the "general and well-recognized rule that pension provisions shall be liberally construed in favor of the applicant." (*Gibson* v. *City of San Diego,* 25 Cal.2d 930, 935 [156 P.2d 737].) We conclude that the trial court properly found the pension base to be the average salary paid, at the time of retirement, to the rank or ranks held for the preceding three years.

Four respondents are widows. Three survive department members who retired after the effective date of the 1944 amendments (those changing the pension base to a fixed, rather than a fluctuating, salary). One survives a department member who, although not retired, was eligible for retirement at the date of his death in 1948. The ordinance provides for a pension to the widow of such an employee.

As to these widows, appellants argue that each is entitled to a pension in accordance with the ordinance in effect at the date of her husband's retirement, and that her pension right does not become vested until her husband's death. Thus, it is asserted, the right of each widow is limited to that prescribed by the 1944 amendments—a fixed pension unaffected by increases in salary of the rank at which her husband retired—even though all four deceased husbands had been in department employ well before 1944. Since the judgments herein, the Supreme Court has held that a like amendment to the Los Angeles charter could not apply to limit the pensions of widows whose husbands had rendered service before the amendment, whether they retired before or after the effective date of the amendment. (*Abbott* v. *City of Los Angeles,* 50 Cal.2d 438, 454-455 [326 P.2d 484].) Thus appellants' contention cannot be sustained.

Appellants further contend, however, that even before the 1944 amendments the pension of a widow was based upon the fixed amount of her husband's pension at the time of his death, and was not subject to change upon an increase in the pay upon which his retirement pension was based at the date of his death. This contention is based upon the ordinance provision that a widow's pension shall be a proportion of "the average salary upon which (the pension of the husband) was based."

We cannot agree. The Supreme Court, in *Eichelberger*

v. *City of Berkeley, supra*, 46 Cal.2d 182, determined the measure of pensions before the 1944 amendments. One of the plaintiffs in that case received her pension as the widow of a fireman who died in line of duty. The court held that all plaintiffs were, for the 1939-44 period, entitled to have their pensions based upon current salary, rather than that of date of retirement. We find in the ordinance no intention to use a different pension base for the widow of a fireman who died in line of duty (as in Eichelberger) than for the widow of an employee who retired before his death (as in the case at bar).

In any event, appellants' reliance upon the past tense in this section of the ordinance appears unsound. The section applies only after the death of the pensioned husband. To refer to his pension in the past tense does not imply an intention that the widow's pension base be limited to the salary upon which decedent's last retirement allowance was based. Rather, it merely recognizes the fact that the retirement allowance to the husband ceased upon his death. The salary upon which his pension ''was based'' during his lifetime is the fluctuating salary of the rank involved. (*Terry v. City of Berkeley, supra*, 41 Cal.2d 698.) To say that the widow's pension is based upon the salary upon which her husband's pension was based is to say she receives a proportion of the fluctuating salary which was there determined to be the basis of his allowance.

■ The allowance of interest before judgment was improper. (*Abbott v. City of Los Angeles*, 50 Cal.2d 438, 466-468 [326 P.2d 484].)

The judgments are modified by striking therefrom the portions allowing interest before judgment and as so modified they are affirmed without costs to any party.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied September 22, 1958, and the opinion and judgment were modified to read as printed above.