[Civ. No. 6441.   Fourth Dist.   July 10, 1961.]

ETHEL RICHARDSON et al., Appellants, v. CITY OF SAN DIEGO et al., Respondents.

Kenneth Sperry for Appellants.

J. F. DuPaul and Alan M. Firestone, City Attorneys, and Robert L. Bergen, Deputy City Attorney, for Respondents.

SHEPARD, Acting P. J. — Plaintiffs-appellants are all widows of retired members of the Police or Fire Departments of the City of San Diego. They filed a complaint of declaratory and other relief to determine their pension rights and to recover unpaid pension funds. The trial court, in construing the city's charter, awarded judgment on a basis of maximum allowable benefits of $75 per month. The appeal is from those portions of the judgment which limit their recovery to said maximum of $75 a month.

The facts are undisputed, and the sole question presented is whether or not, under the provisions of sections 161 and 162(b) of article X, dealing with police relief and pension fund, and sections 183 and 184(b) of article XI, dealing with firemen's relief and pension fund, of the Charter of the City of San Diego, plaintiffs are entitled to receive pay without limitation under the fluctuating provisions of said sections, or are limited to the maximum of $75 per month decreed by the trial court.

The sections with which we are particularly concerned were all adopted at the same time as a part of the Charter of the City of San Diego in the year 1931 (Stats. 1931, ch. 47, pp. 2920-2926). Sections 161 and 183 are identical in form, 161 relating to the police department and 183 to the fire department. They provide that ''All pensioners shall have their pensions increased or decreased to meet the prevailing scale of salary in the Police Department [or the Fire Department, as the case may be] from time to time.''

Section 162 relates to the police department and section 184 relates to the fire department. Section 184(b), except for minor differences in the language relating to dependent

parents and siblings, is identical with 162(b). After providing for retirement of the member involved after 20 years of service, as therein defined, section 162(b) proceeds as follows:

"Upon the death of said pensioner, one-third (⅓) of the amount of his annual salary shall be paid to his widow, until she remarries, but in no case shall such pension exceed seventy-five dollars ($75.00) per month; and if there be no widow, each child under eighteen (18) years of age, if unmarried, shall receive twenty dollars ($20.00) per month, but in no case shall such pension exceed the sum of seventy-five ($75.00) per month for one family; and if no widow or children, one-third (⅓) of his annual salary, not to exceed fifty dollars ($50.00) per month, shall be paid to his mother or father, if either of them were dependent upon him during his lifetime; and if no mother or father, then to any sister or brother under the age of eighteen (18) years and unmarried who was dependent upon him during his lifetime, so long as said sister or brother are under the age of eighteen (18) years and dependent."

Appellants contend that the fluctuating provisions of sections 161 and 183 control over the language of the limitation above quoted. They advance this argument on the assumption that the term "all pensioners" used in sections 161 and 183 includes plaintiffs herein and that the terminology "upon the death of said pensioner" merely is intended to fix the amount to which a widow would be entitled at that particular time, and that the words "in no case shall such pension exceed seventy-five dollars ($75.00) per month" are not intended as a limitation thereon.

With this contention we cannot agree. ▇▇▇ It is, of course, true that pension laws are to be liberally construed and ambiguities are to be resolved in favor of the pensioner. (*Lesem* v. *Board of Retirement*, 183 Cal.App.2d 289, 298 [1-7] [6 Cal.Rptr. 608].) ▇▇▇ However, it is also true that in the construction of a statute the judiciary must simply ascertain and declare what is in terms and in substance contained therein, and may not insert thoughts that have been omitted or omit thoughts that have been inserted. (Code Civ. Proc., § 1858.) A court may not rewrite the statute (*Vallerga* v. *Department of Alcoholic Beverage Control*, 53 Cal.2d 313, 318 [2] [1 Cal.Rptr. 494, 347 P.2d 909]), nor insert words in a statute under the guise of interpretation (*Kirkwood* v. *Bank of America*, 43 Cal.2d 333, 341 [273 P.2d 532]), nor enlarge the plain provisions of a law (*Mulville* v. *City of San Diego*, 183

Cal. 734, 739 [4] [192 P. 702] ; *MacLeod* v. *City of Los Altos,* 182 Cal.App.2d 364, 369 [5] [6 Cal.Rptr. 326]).

As was said in *Baxter* v. *Shanley-Furness Co.,* 193 Cal. 558, 560 [1] [226 P. 391] : ". . . the most extended application of the rule of liberal construction has never gone so far as to disregard plain, unequivocal requirements of a statute. . . . 'Liberal construction does not mean enlargement or restriction of a plain provision of a written law.' "

As was said in *Rakow* v. *Swain,* 178 Cal.App.2d 895, 901 [4] [3 Cal.Rptr. 404] : "Criticisms of policy, wisdom or technique inherent in any legislative enactment 'are matters with which the courts have no concern, such arguments being proper ones to address to the legislature for its determination.' "

The rule that specific provisions of a statute control general statements is expressed in *Rose* v. *State,* 19 Cal.2d 713, 723 [5] [123 P.2d 505], as follows: "It is well settled, also, that a general provision is controlled by one that is special, the latter being treated as an exception to the former. A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates."

See also *People* v. *Moroney,* 24 Cal.2d 638, 643 [4, 5] [150 P.2d 888] ; *Simpson* v. *Cranston,* 56 Cal.2d 63, 69 [4] [13 Cal. Rptr. 668, 362 P.2d 492].

The language of sections 162(b) and 184(b) is plain, certain and unambiguous, that *"in no case shall such pension exceed seventy-five dollars ($75.00) per month."* All sections were enacted at the same time. Sections 161 and 183 numerically precede sections 162 and 184, respectively. We are not here confronted with an attempted reduction of retirement allowance by a later statute, such as is found in *Abbott* v. *City of Los Angeles,* 50 Cal.2d 438 [326 P.2d 484], nor a complete lack of statement of limitation, as was true in *Hafey* v. *City of Berkeley,* 163 Cal.App.2d 474 [329 P.2d 711]. We are satisfied that the interpretation applied by the trial court and the judgment rendered are correct.

The judgment is affirmed.

Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 6, 1961.