[No. A023670. First Dist., Div. One. Feb. 28, 1985.]

MAGDA STRICKLAND, Plaintiff and Appellant, v.
ROBERT FOSTER, Defendant and Respondent.

COUNSEL

John H. Peterson and Richard L. Spector for Plaintiff and Appellant.

Mark Oium and O'Connor, Cohn, Dillon & Barr for Defendant and Respondent.

OPINION

**ELKINGTON, Acting P. J.**—Plaintiff Magda Strickland appeals from a summary judgment in favor of defendant Robert Foster, in her action for damages for the wrongful death of her husband, Edwin Strickland (hereafter deceased).

The facts upon which the summary judgment was entered are not in dispute.

The deceased was a truck driver employed by defendant Robert Foster, who was in the business of furnishing trucks and drivers to others for compensation. He furnished a truck driven by the deceased to Logex Trucking Company, which exercised such a degree of control over the truck and driver, as to itself also became an employer. Logex Trucking Company carried workers' compensation insurance, and Robert Foster *did not*. While in the employment of both parties, deceased suffered a work-incurred injury which proximately resulted in his death.

Plaintiff Magda Strickland, the deceased's dependent wife, thereafter sought, and obtained, a workers' compensation death benefit award, jointly and severally, against the uninsured, Robert Foster, and the insured Logex Trucking Company's insurance carrier, Home Indemnity Company.

Contemporaneously she commenced the instant wrongful death action against the uninsured employer, Robert Foster. On Robert Foster's motion, summary judgment was entered in his favor against plaintiff Magda Strickland. It is from such summary judgment that the instant appeal was taken.

 The issue in the superior court summary judgment proceedings was whether, on the above-stated uncontroverted facts, plaintiff Magda Strickland was entitled to maintain her action against Robert Foster.

We are of course concerned with the "Workers' Compensation and Insurance" provisions found in Labor Code sections 3201-4386, inclusive.

Labor Code section 3700 requires that: *"Every employer . . . shall secure the payment of [workers'] compensation. . . ."* (Our italics.)

Labor Code section 3706 states: "If any employer *fails to secure the payment of compensation,* any injured employee or *his dependents* may proceed against such employer by filing an application for compensation with the appeals board, and, in addition, *may bring an action at law against such employer for damages,* as if this division did not apply."

"Where an employer within the scope and subject to the operation of the workmen's compensation law fails to secure the payment of compensation, any injured employee may file an application for compensation with the Industrial Accident Commission [now Workers' Compensation Appeals Board] and in addition bring an action at law against such employer for damages. (Lab. Code, § 3706. . . .) The right of the injured employee to bring an action at law for damages may be exercised independently of any proceeding before the Industrial Accident Commission. . . . Nor does the fact that the plaintiff in any such action has received payment of an award made in his favor by the Industrial Accident Commission deprive the court of jurisdiction of such action." (*Hall* v. *Burton* (1962) 201 Cal.App.2d 72, 79 [19 Cal.Rptr. 797], and see authority there collected.)

 Labor Code section 3202 instructs that: "The [workers' compensation] provisions of . . . this code shall be liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment." The provisions of this section are *"mandatory"* (*Industrial Indem. Exch.* v. *Ind. Acc. Com.* (1948) 87 Cal.App.2d 465, 467 [197 P.2d 75]); " 'they are [applicable to] all aspects of workmen's compensation, including penalties' " (*Kerley* v. *Workmen's Comp. App. Bd.* (1971) 4 Cal.3d 223, 227 [93 Cal.Rptr. 192, 481 P.2d 200]) such as are assessed for failure to provide the required insurance.

■ And: "*The social public policy of the state is* declared in the statute, which, it is said, is intended to make effective a complete system of workmen's compensation irrespective of the fault of any party, and, also *to require full provision for adequate insurance coverage against the liability to pay or furnish compensation.*" (*Rideaux* v. *Torgrimson* (1939) 12 Cal.2d 633, 637 [86 P.2d 826]; our italics.)

■ Here a workers' compensation award was entered, *jointly and severally* against the uninsured employer, Robert Foster, and the insured employer's insurance carrier, Home Indemnity Company. Robert Foster carried no insurance to cover the award. And if, as probably happened, Home Indemnity Company was obliged to pay the entire award, it became entitled to a proper apportionment of liability for the award between itself and Robert Foster who was uninsured therefor. (See *National Auto. etc. Co.* v. *Ind. Acc. Com.* (1947) 80 Cal.App.2d 769, 777 [182 P.2d 634]; *Fireman's etc. Co.* v. *State Comp. etc. Fund* (1949) 93 Cal.App.2d 408, 410-411 [209 P.2d 55].) The public policy expressed by *Rideaux* v. *Torgrimson, supra,* 12 Cal.2d 633, 637, that all employers make "full provision for adequate insurance coverage against the liability to pay or furnish compensation," was thus frustrated.

Under the explicit language of Labor Code section 3706, the deceased's widow and dependent, Magda Strickland, "*may bring an action at law against such employer for damages.*"

The summary judgment must accordingly be reversed.

We find unpersuasive Robert Foster's reliance upon the language of *Oxford* v. *Signal Oil & Gas Co.* (1970) 12 Cal.App.3d 403, 408 [90 Cal.Rptr. 700], disapproved on other grounds in *Kowalski* v. *Shell Oil* (1979) 23 Cal.3d 168, 178 [151 Cal.Rptr. 671, 588 P.2d 811]: "In short, where there is a dual employment, the injured workman can look to both employers for compensation benefits, but ordinarily he is barred from maintaining an action for damages against either employer."

"*Ordinarily,*" each of dual employers *is insured* for workers' compensation. And a reading of that case, and *McFarland* v. *Voorheis-Trindle Co.* (1959) 52 Cal.2d 698 [343 P.2d 923], upon which the above statement is based, indicates that "'*except as provided in [Labor Code] section 3706,*'" workers' compensation is the exclusive remedy against an employer. (*Id.,* p. 702.)

We have fully considered the arguments of Robert Foster (1) that where a dual employment exists, it is sufficient that one employer "secures" pay-

ment of compensation, (2) that her "right to workers' compensation" is plaintiff Magda Strickland's exclusive remedy, (3) that there is a public policy against "double recoveries" in cases such as this, and (4) that the remedial and penal purposes of the worker's compensation act are not served by permitting the instant action.

We are of the opinion that the argued public policies are transcended by the policy which requires each employer to make provision for adequate workers' compensation insurance coverage, and that the plain language of the Labor Code mandates the result we have here reached. It may be that the policies and purposes there stated are, at least in part, unwise. But the change, if any, is a legislative matter, not judicial. ■ "'Criticisms of policy, wisdom or technique inherent in any legislative enactment "are matters with which the courts have no concern, such arguments being proper ones to address to the legislature for its determination."'" (*Richardson* v. *City of San Diego* (1961) 193 Cal.App.2d 648, 651 [14 Cal.Rptr. 494].)

The summary judgment is reversed.

Newsom, J., and Holmdahl, J., concurred.