[No. B054195. Second Dist., Div. Six. Oct. 31, 1991.]

MICHAEL HERNANDEZ, a Minor, etc., et al., Plaintiffs and Appellants,
v.
CHAVEZ ROOFING, INC., et al., Defendants and Respondents.

COUNSEL

Bright & Powell and C. Lawrence Powell for Plaintiffs and Appellants.

Zilinskas & Brantner and Robert J. Brantner for Defendants and Respondents.

OPINION

**GILBERT, J.—** ██ Here we hold that although an employee of an unlicensed and uninsured subcontractor is covered by a general contractor's workers' compensation insurance (Lab. Code,[1] § 2750.5), the uninsured subcontractor may be liable in tort for injuries to the employee (§ 3706). We reverse the judgment of the trial court which was entered pursuant to the subcontractor's motion for summary judgment.

### FACTS

On January 19, 1989, Julian Hernandez was working for Chavez Roofing, Inc., (Chevy), when he was killed by being crushed between a fork lift and a truck owned and operated by Chavez. The accident occurred near a job site

---

[1]All statutory references are to the Labor Code unless otherwise stated.

for which Chavez had a subcontract for roofing. Chavez had neither a current contractor's license nor workers compensation insurance, but the general contractor, Braun and Associates, did.

Hernandez's survivors brought a wrongful death action against Chavez and others. The original complaint alleged that Hernandez was an employee of Chavez, but the first amended complaint alleged that Hernandez was an independent contractor. Chavez moved for summary judgment on the ground that, as an employee of Chavez and Braun, Hernandez's exclusive remedy was in Braun's workers compensation insurance.

Plaintiffs opposed the motion on the grounds that there is a disputed question of fact whether Hernandez was Chavez's employee, and that, in any event, an employee is not prevented from bringing a tort action against an uninsured employer.

The trial court granted the motion, and plaintiffs' appeal the ensuing judgment.

## DISCUSSION

Section 3706 provides an exception to the usual rule that worker's compensation is the exclusive remedy of an employee or his dependents against his employer for injury or death occurring in the course of employment. (§§ 3600, 3602.) Section 3706 provides, "If any employer fails to secure the payment of compensation, any injured employee or his dependents may bring an action at law against such employer for damages, as if this division did not apply."

In *Strickland* v. *Foster* (1985) 165 Cal.App.3d 114 [211 Cal.Rptr. 305], a truck driver was employed by Foster, who was in the business of furnishing trucks and drivers to others. Foster furnished a truck and driver to Logex Trucking Company. Logex exercised such control over the driver as to also become the driver's employer. Logex had workers' compensation insurance but Foster did not. The driver was killed in a work related accident while in the employment of both parties. The driver's widow obtained workers' compensation benefits from Logex's insurer, and sued Foster for wrongful death.

The trial court granted summary judgment in favor of Foster, but the Court of Appeal reversed, holding that the public policy requiring employers to carry workers' compensation insurance and the express language of section 3706 entitled the widow to maintain the action. (*Strickland* v. *Foster, supra,* 165 Cal.App.3d at p. 118.)

Chavez argues that *Strickland* does not apply here because it did not involve section 2750.5.[2] That section has been interpreted to make an unlicensed subcontractor and its employees, employees of the general contractor for workers' compensation purposes. (*Blew* v. *Horner* (1986) 187 Cal.App.3d 1380, 1389 [232 Cal.Rptr. 660]; *Neighbours* v. *Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 330 [265 Cal.Rptr. 788].) Chavez adds that section 3601[3] makes workers' compensation the exclusive remedy, with exceptions not relevant here, for injury or death to an employee caused by another employee. Chavez invites us to draw the conclusion that because it and Hernandez were both employees of Braun under section 2750.5, the plaintiffs' exclusive remedy is in Braun's workers' compensation insurance.

The argument is unpersuasive. In effect Chavez wants us to declare that a violation of the law requiring a contractor's license can protect an employer from the consequences of a violation of the law requiring workers' compensation insurance. Under this approach more culpability means less liability. The uninsured employer who has a contractor's license could be sued in state court, but the uninsured employer who also has no contractor's license could not be sued in state court. Such a holding would do violence to the letter and spirit of laws governing both contractor's licensing and workers' compensation.

Section 2750.5 can create a dual employment relationship whereby a worker may be an employee of both a general contractor and a subcontractor. (Cf. *Neighbours* v. *Buzz Oates Enterprises, supra,* 217 Cal.App.3d at p. 333.) The price that must be paid by each employer for immunity from tort liability is the purchase of a workers' compensation policy. (§ 3706.) Chavez chose not to pay that price, so it should not be immune from liability. (*Neighbours* v. *Buzz Oates Enterprises, supra,* 217 Cal.App.3d at p. 334.)

---

[2]Section 2750.5 provides in part: "[A]ny person performing any function or activity for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code shall hold a valid contractors' license as a condition of having independent contractor status."

[3]Section 3601 provides in part: "(a) Where the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation, pursuant to the provisions of this division is, except as specifically provided in this section, the exclusive remedy for injury or death of an employee against any other employee of the employer acting within the scope of his or her employment, except that an employee, or his or her dependents in the event of his or her death, shall, in addition to the right to compensation against the employer, have a right to bring an action at law for damages against the other employee, as if this division did not apply, in either of the following cases:

"(1)   When the injury or death is proximately caused by the willful and unprovoked physical act of aggression of the other employee.

"(2)   When the injury or death is proximately caused by the intoxication of the other employee."

The judgment is reversed. Costs are awarded to appellants.

Stone (S. J.), P. J., and Yegan, J., concurred.