42 F.3d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Aaron ENSLOW, a minor child, Through his co-guardians Melvin
ENSLOW and James Tredinnick, Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA, Defendant-Appellee.
 No. 93-55164.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 9, 1994.
Decided Nov. 15, 1994.
 
 Before: D.W. NELSON, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kenneth Enslow, a 20-year-old rookie firefighter for the California Department of Forestry ("CDF"), was killed while assisting the United States Forest Service ("USFS") in fighting a wildland timber fire in the Mendocino National Forest. CDF was assisting the USFS in accordance with a mutual aid agreement ("agreement"). Plaintiff Aaron Enslow ("Enslow") filed suit against the United States, pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. Secs. 1346(b) and 2671 et. seq., seeking damages related to the death of his father ("decedent"). The district court granted summary judgment in favor of the United States. We review the grant of summary judgment de novo, Jones v. Union Pacific Railroad Co., 968 F.2d 937, 940 (9th Cir.1992), and we reverse.
 
 
 3
 * We apply the substantive law of California to Enslow's FTCA claims. See 28 U.S.C. Sec. 1346(b). In California, worker's compensation payment is the exclusive remedy available against an employer for a work-related injury sustained by an employee. Cal.Labor Code Secs. 3600, 3602. Neither an employee nor his dependents may bring an action at law for damages against a worker's employer. Martin v. Phillips Petroleum Co., 42 Cal.App.3d 916, 918, 117 Cal.Rptr. 269 (1974). The worker can still bring suit at common law against a third party, so long as the third party is not the worker's employer. DaFonte v. Up-Right, Inc., 2 Cal.4th 593, 598, 7 Cal.Rptr.2d 238, 828 P.2d 140 (1992).
 
 
 4
 An employee may have more than one employer. When an employer lends its worker to another entity and relinquishes the right to control the worker's duties, the borrowing entity is a "special employer" and, like the original employer, is immune from actions at law for work-related injuries. See Kowalski v. Shell Oil Co., 23 Cal.3d 168, 175, 151 Cal.Rptr. 671, 588 P.2d 811 (1979). The United States raises an affirmative defense to tort liability: it asserts that Enslow's FTCA action is barred because the USFS was decedent's "special employer."[1]
 
 
 5
 The United States argues that a special employment relationship between the USFS and the decedent is proved by the statutory definition of "employee," which states: "Any person rendering service for another, other than an independent contractor, or unless expressly excluded herein, is presumed to be an employee." Cal.Labor Code Sec. 3357 (emphasis added). The United States argues that because Enslow has admitted that the CDF was not an independent contractor, then the CDF must be an employee of the USFS and, hence, the decedent is presumed to be an employee of the USFS. We disagree.
 
 
 6
 While the position of the United States parallels the logic of agency law, California does not apply agency principles when the party seeking to establish an employee relationship is a defendant in a common law suit. The presumption of agency applies only when invoked by the plaintiff in a claim seeking worker's compensation. When, as here, the defendant seeks to invoke the presumption as a defense to a common law action, "courts generally are more exacting in requiring proof of an employment relationship[.]" Spradlin v. Cox, 201 Cal.App.3d 799, 807-08, 247 Cal.Rptr. 34 (1988). See also Laeng v. Workmen's Comp. Appeals Bd., 6 Cal.3d 771, 779 n. 8, 100 Cal.Rptr. 377, 494 P.2d 1 (1972). The mere fact that Enslow provided services to the USFS cannot give rise to the presumption of employment as a defense to suit, even if the CDF was an "employee" of the USFS. To prove employment, the United States must meet the "more exacting" standard set forth in Kowalski, 23 Cal.3d at 176-78.
 
 
 7
 Under Kowalski, several factors must be considered to determine whether an entity is an "employer," and thus immune from common law suit: (1) whether the entity controlled the details of the worker's duties, (2) whether the entity had the power to fire the worker, (3) whether the entity paid the worker's wages, (4) whether the entity provided the tools and equipment, (5) whether the worker provided unskilled labor, (6) whether the work is part of the entity's regular business, (7) whether the employment period is lengthy, and (8) whether the worker consented to the employment relationship, either expressly or impliedly, and the parties believed they were creating an employer-employee relationship. Id.[2]
 
 
 8
 The United States must show the existence of an employment relationship. As the party moving for summary judgment, the United States must demonstrate through pleadings, depositions, admissions and affidavits that there was no genuine issue of material fact concerning the existence of an employment relationship, and that it was entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Canada v. Blain's Helicopters, Inc., 831 F.2d 920, 923 (9th Cir.1987). Only if the United States first makes this required showing is Enslow required to present evidence in opposition. Id. Thus, contrary to the United States' suggestion, the fact that Enslow did not produce any evidence in opposition to the summary judgment motion does not require that summary judgment be granted.
 
 
 9
 The United States argues that the evidence it has submitted establishes an employment relationship because it satisfies most of the Kowalski factors. Control over the decedent, it argues, is proved by: (1) the agreement between the CDF and the USFS, which provided that "the protecting agency" (in this case, the USFS) retained "responsibility for command of all fire suppression" if an agency employee was at the fire scene; (2) Enslow's admission that a USFS officer supervised Enslow's crew at the fire site; and (3) Enslow's admission that the USFS crew failed to adequately warn the decedent. The United States also argues that the USFS had the power to dismiss the decedent, because Enslow admitted in his pleadings that, due to the decedent's obvious exhaustion, USFS should have "dismissed" the decedent from the firefighting operation. Finally, it contends that the USFS paid the decedent's wages and benefits and provided work tools, because the agreement contains reimbursement provisions. It also argues that the decedent's work was obviously part of the "regular business" of the USFS, which is to fight wildfires on public lands.
 
 
 10
 The United States has failed to demonstrate that an employment relationship existed as a matter of law, because the evidence fails to satisfy the demands of Kowalski. In Kowalski, the California Supreme Court emphasized that "the terminology used in an agreement is not conclusive." Kowalski, 23 Cal.3d at 176. Rather, the "paramount consideration" is whether the alleged special employer actually exercised control over the details of the person's work. Id. The mere fact that general instructions are given as to the desired result, or that general supervision is provided for in a contract, does not compel a finding that an employment relationship exists. Id. It is undisputed here that the CDF commanders remained at the fire scene and directly supervised the decedent at the site. The fact that USFS issued a safety warning does not prove that USFS controlled the decedent's work details. The United States has not established that the "paramount" factor determinative of employer status is satisfied. Id. As for the power to fire workers, Enslow's admission only shows that the USFS had the power to remove the decedent from the work site, not the power to fire him from permanent employment. The fact that a worker may be removed, but not fired, indicates the nonexistence of employment. S ee id. at 177 n. 9.
 
 
 11
 Further, although Kowalski states that no factor alone is determinative, its holding suggests that the lack of express or implied consent by the employee may preclude a finding of an employment relationship. S ee id. at 178 n. 10 (courts are "vigilant in insisting upon a showing of a deliberate and informed consent by the employee before employment relation will be held a bar to common-law suit.") (quoting Larson, Workmen's Compensation Law, Sec. 48.10 (1993)). Consent is crucial, because "the employee loses certain rights along with those he gains when he strikes up a new employment relation. Most important of all, he loses the right to sue the special employer at common law for negligence." Id. (quoting Larson, Workmen's Compensation Law, Sec. 48.10 (1993)). Because a worker stands to lose so much, California courts will not presume that a worker consented to the arrangement merely by providing services to the borrowing entity. Implied consent to an employment relationship, however, may be inferred from the fact that the worker submitted to the entity's control and direction for a "long term" period. Martin, 42 Cal.App.3d at 920.
 
 
 12
 The record here is devoid of any evidence that the decedent consented, either impliedly or expressly, to become the employee of the USFS. In Kowalski, the absence of such consent was treated as dispositive. See 23 Cal.3d at 179. Without some evidence that decedent manifested consent to a contract for hire or believed he was the employee of the United States, special employment cannot be found. See Martin, 42 Cal.App.3d at 920. Nothing in the record suggests that "day by day and hour by hour" decedent's work was under the direction of the USFS. Kowalski, 23 Cal.3d at 179 (quoting Martin, 42 Cal.App.3d at 922). In Martin, for example, the court inferred consent to an employment relationship from the "long term" period that the worker performed the work. No similar inference can be drawn here. It is undisputed that the decedent had no prior experience fighting wildland fires. He had never before engaged in firefighting for the USFS. The total amount of time spent by the decedent in fighting the fire in the Mendocino National Forest was less than a day. The United States has not shown as a matter of law that decedent expressly or impliedly consented to be USFS's employee.
 
 II
 
 13
 The United States urges us to bar Enslow's suit on the basis that the USFS, in effect, already has compensated Enslow through worker's compensation. Under the agreement, the USFS is required to reimburse the CDF for "employee benefit cost[s]" in three situations: when the CDF provides fire assistance for more than 24 hours, when travel time to the fire is beyond 2 hours, or when the CDF sends hand crews. The United States argues that under this reimbursement scheme, the USFS "secured" the payment of worker's compensation on behalf of the decedent, thus barring Enslow from bringing an action at law for damages. See Cal.Labor Code Sec. 3706.[3] Under Sec. 3706, an "employer" is immune from tort liability if it "secures" payment of worker's compensation. See Hernandez v. Chavez Roofing, Inc., 235 Cal.App.3d 1092, 1094-95, 286 Cal.Rptr. 919 (1991).
 
 
 14
 The United States' argument is without merit. Enslow's suit cannot be barred merely because the USFS reimbursed the CDF for worker's compensation costs. To enjoy the tort immunity of Sec. 3706, the United States must first show that the USFS was an "employer" of the decedent, as Sec. 3706 immunity applies only to employers. In light of Kowalski, a defendant in a common law suit does not attain "employer" status within the meaning of Sec. 3706 merely by showing that he compensated the other employer for the costs of premiums. See Kowalski, 23 Cal.3d at 176-78. The United States failed to prove under Kowalski that it was an "employer" of the decedent.
 
 
 15
 Contrary to the United States' argument, our holding in Bramer v. United States, 595 F.2d 1141 (9th Cir.1979) and the Fifth Circuit's holding in Roelofs v. United States, 501 F.2d 87 (5th Cir.1974), cert. denied, 423 U.S. 830 (1975) are not applicable here. These cases applied the laws of New Mexico and Louisiana, respectively, which immunize from tort liability those employers that hire subcontractors and reimburse them for the costs of worker's compensation insurance. Here, we must apply the law of California, which does not embrace the "statutory employer" doctrine, and thus does not allow defendants to absolve themselves from tort liability by compensating an independent contractor for worker's compensation premiums. See supra, note 1.
 
 III
 
 16
 In summary, the United States has failed to demonstrate as a matter of law that it was an "employer" of the decedent. Enslow may proceed with his negligence claim against the United States.
 
 
 17
 We REVERSE the district court's order granting summary judgment in favor of the United States and REMAND for further proceedings.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Apart from the question whether the United States is a "special employer" is the question whether the United States is a "statutory employer." An entity is a "statutory employer" when it hires an independent contractor, the employer of the worker. Most states have passed statutes, called "contractor-under" statutes, that impose worker's compensation liability upon the "statutory employer" when the independent contractor's employees suffer injuries. See Larson, Workmen's Compensation Law Sec. 49.11 (1993). California, however, does not have a "contractor-under" statute. In California, if the person injured works for an independent contractor, the entity hiring the independent contractor cannot be held liable for worker's compensation payment, unless the independent contractor is unlicensed. Blew v. Horner, 187 Cal.App.3d 1380, 1386-87, 232 Cal.Rptr. 660 (1986). Thus, the United States cannot obtain immunity as a "statutory employer" on the basis that CDF was hired as an independent contractor
 
 
 [2]
 The United States, citing several California cases, argues that the definition of "employer" is not strictly limited to the traditional, common law "control" test but may be proved by general supervision over the worker. See, e.g., S.G. Borello & Sons, Inc., v. Department of Indus. Relations, 48 Cal.3d 341, 351, 256 Cal.Rptr. 543, 769 P.2d 399 (1989). The United States misunderstands the purpose of the Kowalski test, which is to determine whether the entity's status as an "employer" bars a common law suit. The cases cited by the United States involve a wholly different context: whether the entity's status as an "employer" entitles the worker to worker's compensation benefits
 
 
 [3]
 Section 3706 provides: "If any employer fails to secure the payment of compensation, any injured employee or his dependents may bring an action at law against such employer for damages," as if the exclusive remedy rule did not apply. The obverse of Sec. 3706 is that an employer is immune if he "secures" compensation