Filed 2/10/21  Gonzalez v. Soares CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| FRANCISCO GONZALEZ, | F077672 |
| Plaintiff and Appellant, | (Super. Ct. No. 2003946) |
| v. | **OPINION** |
| JOSE SOARES, as Trustee, etc., et al., | |
| Defendants and Respondents. | |

-ooOoo-

APPEAL from a judgment of the Superior Court of Stanislaus County. Timothy W. Salter, Judge.

Perez, Williams, Medina & Rodriguez and Antonio Rodriguez, Jr., for Plaintiff and Appellant.

Law Offices of Matthew G. Salazar, Craig A. Caldwell; Hayes, Scott, Bonino, Ellingson, Guslani, Simonson & Clause and Mark G. Bonino for Defendants and Respondents.

-ooOoo-

Plaintiff sued defendants to recover for injuries he sustained in a fire. Defendants asserted they were plaintiff's employers, and his action was barred by the exclusive remedy provisions of the workers' compensation law. The trial court tried that issue first, agreed with defendants, and entered judgment in their favor. We find no error in the trial court's decision and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action against "Jose Soares, individually and dba Joe D. Soares and Jose D. Soares Dairy; Teresa Soares; J&T Soares 2006 Trust;" and Does. (Some capitalization omitted.) By later amendment, he identified two of the Doe defendants as Jose D. Soares as trustee for the J&T Soares 2006 Trust and Teresa Soares as trustee for the J&T Soares 2006 Trust. In a single cause of action labeled "Premises Liability," plaintiff alleged that, on August 1, 2013, he was residing in a home "negligently owned, maintained, managed and operated" by defendants, when a fire in the home resulted in severe burn injuries and loss of personal property. Defendants' amended answer to the complaint denied the allegations of the complaint, and asserted as an affirmative defense that, at the times alleged in the complaint, plaintiff was in the course and scope of his employment with defendants, and plaintiff's claim was barred because defendants were entitled to the exclusive remedy protection of workers' compensation law.

The trial court conducted the first phase of a bifurcated trial, which addressed defendants' affirmative defense that plaintiff's claim was barred by the exclusive remedy under workers' compensation law.[1] The parties stipulated to a number of facts, including: On August 1, 2013, plaintiff was employed by Jose and Teresa[2] to work at a

---

[1]     Apparently, prior to trial, plaintiff dismissed Jose Soares, individually and dba (doing business as) Jose D. Soares Dairy, and Jose D. Soares Dairy as defendants in the case. The trial proceeded against Teresa individually, and Jose and Teresa as trustees of the J&T Soares 2006 Trust.

[2]     We refer to the parties by their first names for clarity and convenience, because some of them share a last name or have multiple last names. No disrespect is intended.

2.

dairy they operated as a sole proprietorship; at that time, plaintiff was living in a mobilehome on the dairy premises; plaintiff was in the mobilehome when it caught fire and he suffered burn injuries; title to the mobilehome and the premises was held by Jose and Teresa as trustees of the J&T Soares 2006 Trust, a revocable living trust. The parties also stipulated that: As a result of his injuries, plaintiff filed a workers' compensation claim against Jose Soares Dairy, Jose Soares dba Jose Soares Dairy, Teresa Soares, and Jose D. Soares Dairy; plaintiff's injuries were sustained while he was in the course and scope of his employment with Jose and Teresa; the only policy of workers' compensation insurance in effect at the time was a policy with Zenith Insurance Company (Zenith); and Zenith filed a notice of lien in this civil action, asserting a lien on any settlement or judgment in favor of plaintiff and against anyone other than Jose Soares dba Jose Soares Dairy. Certain documents from the workers' compensation proceeding were also admitted at the trial.

After trial, the trial court issued a tentative decision, to which plaintiff objected. The trial court then issued an amended decision. It found the parties stipulated in the workers' compensation proceeding that plaintiff's employer was Jose Soares dba Jose Soares Dairy; other potential employers were then dismissed, and plaintiff's injury was found compensable. The trial court concluded defendants adequately raised the exclusive workers' compensation remedy as an affirmative defense in the answer. It found Teresa, as an individual, established the defense by showing she was plaintiff's employer, along with Jose, and plaintiff's injury occurred in the course of his employment. The trial court concluded the Zenith policy of workers' compensation insurance covered Teresa because it insured the sole proprietorship dairy, of which both Jose and Teresa were the owners.

Regarding the liability of Jose and Teresa as trustees, the trial court found there was no distinction, under California law, between property owned by a revocable trust and property owned by the settlor of the trust during the lifetime of the settlor. It concluded ownership of the mobilehome by the trust did not deprive the employer of the

3.

protection of the workers' compensation exclusive remedy. Consequently, it held Jose and Teresa were immune to civil liability for plaintiff's injuries because plaintiff's claim was barred by the exclusive remedy provisions of the workers' compensation law.[3] The trial court entered judgment in favor of Jose, as trustee of the J&T Soares 2006 Trust, and in favor of Teresa, individually and as trustee of the trust. Plaintiff appeals from the judgment.

## DISCUSSION

### I. Pleading the Exclusive Remedy of Workers' Compensation

Plaintiff contends defendants did not adequately plead the affirmative defense that the workers' compensation remedy was the exclusive remedy for plaintiff's claims, because the affirmative defense in the answer mentioned only Labor Code section 3601,[4] which did not apply in this case. At trial, defendants asserted the defense was adequately alleged, but requested that, if the trial court found the pleading inadequate, defendants be allowed to amend to add a reference to section 3602. Plaintiff stated he had no objection and requested his own amendment of the complaint. After posttrial briefing, the trial court found the defense was alleged in defendants' answer, had been "argued and litigated throughout [the] matter," and therefore had been properly raised in the action.

In addition to a general or specific denial of the complaint's material allegations, the answer to a complaint must contain "[a] statement of any new matter constituting a defense." (Code Civ. Proc., § 431.30, subd. (b).) "The defenses shall be separately stated, and the several defenses shall refer to the causes of action which they are intended to answer, in a manner by which they may be intelligibly distinguished." (Code Civ. Proc., § 431.30, subd. (g).) Normally, a challenge to the sufficiency of the pleading of a

---

[3] The trial court also concluded plaintiff's property damage claims were not barred. Those claims were later settled by the parties and are not at issue in this appeal.

[4] All further statutory references are to the Labor Code unless otherwise indicated.

4.

defense in the answer is raised by demurrer.  (Code Civ. Proc., § 430.20.)  It presents a question of law for the court.  (*Ferraris v. Levy* (1963) 223 Cal.App.2d 408, 412.)

When a party completely fails to plead an affirmative defense in its answer, it is deemed to have waived the defense.  (*California Academy of Sciences v. County of Fresno* (1987) 192 Cal.App.3d 1436, 1442.)  When the pleading of the defense is merely defective, however, the "allegations must be liberally construed, with a view to substantial justice between the parties."  (Code Civ. Proc., § 452.)  " '[T]he question is whether the pleading as a whole apprises the adversary of the factual basis of the [defense].' "  (*Jackson v. Superior Court* (1994) 30 Cal.App.4th 936, 942.)  No " 'defect in a pleading is to be regarded unless it affects substantial rights.' [Citation.]  The primary function of a pleading is to give the other party notice so that it may prepare its case [citation], and a defect in a pleading that otherwise properly notifies a party cannot be said to affect substantial rights."  (*Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 240.)

"[G]enerally speaking, a defendant in a civil action who claims to be one of that class of persons protected from an action at law by the provisions of the Workers' Compensation Act bears the burden of pleading and proving, as an affirmative defense to the action, the existence of the conditions of compensation set forth in the statute which are necessary to its application."  (*Doney v. Tambouratgis* (1979) 23 Cal.3d 91, 96.)  "Those conditions are set forth in Labor Code section 3600 .…"  (*Ibid*. at fn. 7.)  Section 3600 provides:  "Liability for the compensation provided by this division, in lieu of any other liability whatsoever to any person … , shall, without regard to negligence, exist against an employer for any injury sustained by his or her employees arising out of and in the course of the employment," if specified conditions are met.  (§ 3600, subd. (a).)

Sections 3601 and 3602 reiterate that workers' compensation is the exclusive remedy for an employee's injuries, when the conditions for compensation exist.

Section 3601 provides, in part: "Where the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation, pursuant to the provisions of this division is, except as specifically provided in this section, the exclusive remedy for injury or death of an employee *against any other employee of the employer* acting within the scope of his or her employment," with specified exceptions. (§ 3601, subd. (a), italics added.) Under section 3602, "[w]here the conditions of compensation set forth in Section 3600 concur, the right to recover compensation is, except as specifically provided in this section and Sections 3706 and 4558, the sole and exclusive remedy of the employee or his or her dependents *against the employer*." (§ 3602, subd. (a), italics added.)

In their original answer and in their amended answer, defendants alleged as an affirmative defense, under the heading "Workers Compensation - Labor Code - Exclusive Remedy":

> "At all times alleged in the complaint, the plaintiff was in the course and scope of his employment with defendant, and therefore defendant is entitled to the exclusive remedy protections of the Labor Code including, but not limited to, Labor Code § 3601, thereby barring all of the claims herein." (Boldface omitted.)

Plaintiff contends that, because his claim was against his employers rather than against a co-employee, section 3601 did not apply, and no other section was invoked. Liberally construed, however, the basis of the affirmative defense was identified as the exclusive remedy of workers' compensation found in the Labor Code, in section 3601 and others. The defense alleged plaintiff was in the course of his employment with defendants when the events alleged in the complaint occurred. Although sections 3600 and 3602 appear to be the applicable Labor Code sections, rather than section 3601, they were both within one section of section 3601, and both pertained to the exclusive remedy of the workers' compensation statutes.

Plaintiff has not cited any authority requiring that defendants' answer cite the particular code section on which their defense was based. In *Hata v. Los Angeles County*

6.

*Harbor/UCLA Medical Center* (1995) 31 Cal.App.4th 1791 (disapproved on another ground in *Quigley v. Garden Valley Fire Protection Dist.* (2019) 7 Cal.5th 798, 815, fn. 8), the answer alleged the plaintiff's claims were " 'barred by the terms of California Government Code §§ 854-856.6.' " (*Hata*, at p. 1804.)  The court found this language sufficient to plead the bar of the immunity granted in Government Code section 854.8.  It concluded the plaintiff waived any objection that the pleading was defective by failing to demur to the answer or to object to introduction of the immunity defense under that section at trial; if the issue had been raised, the trial court likely would have allowed amendment.  (*Hata*, at pp. 1804–1805.)  Further, the defense was adequately pled.  The section relied on was included in the sections cited in the affirmative defense, and, in light of the claims alleged in the complaint, it gave the plaintiff sufficient notice that the defendant was relying on the specific immunity defense of Government Code section 854.8.  (*Hata*, at p. 1805.)  The court noted that Code of Civil Procedure section 458 requires that, when pleading the statute of limitations, the statutory section and subdivision relied on must be specifically stated.  (*Hata*, at p. 1806.)  Nothing in that statute, however, authorized the extension of the rule to any other situation, and the plaintiff had not cited any other legal authority requiring identification of the particular code section the defendant relied on.  (*Id*. at pp. 1805, 1806.)

In *Jessen v. Mentor Corp*. (2008) 158 Cal.App.4th 1480, the defendant pled as an affirmative defense that the plaintiff's recovery was barred " 'based upon the doctrine of federal pre-emption and/or pre-emption by the Medical Device Amendments to the Food, Drug and Cosmetic Act.' " (*Id*. at p. 1483, fn. 3.)  The defendant was not "required to plead a specific code section to raise preemption as a defense to Jessen's claims." (*Ibid*.)  Additionally, it was not credible that the plaintiff's experienced attorney did not receive sufficient notice of this preemption defense because the defendant failed to include a code section.  (*Ibid*.)

Plaintiff has cited no authority requiring defendants to allege the specific code section on which they based their affirmative defense that plaintiff's claim was barred by the exclusive remedy provisions of the workers' compensation law. Plaintiff did not demur to defendants' answer on the ground of uncertainty; if he had, the trial court likely would have granted leave to amend to add the appropriate code sections. In the course of litigation, defendants moved for summary judgment, asserting that defendants were "entitled to the Exclusive Remedy protection of … § 3600 et seq.," and quoting from sections 3600 and 3602. Plaintiff's opposition to the motion for summary judgment acknowledged that the issue raised in the motion was whether his action was "barred by the Exclusive Remedy Rule of … § 3600 et seq.," and in particular by section 3602, and he argued the issue on the merits.

Based on the provision in Code of Civil Procedure section 431.30, subdivision (g), that "[t]he defenses shall be separately stated," plaintiff argues that each code section was required to be set out in a separate defense. The defense, however, was that plaintiff's claim in this civil action was barred by the exclusive remedy provisions of the workers' compensation law. While different aspects of the remedy are set out in different code sections, and the exclusive nature of the remedy is repeated in multiple sections, the bar of the workers' compensation remedy constitutes but one defense for pleading purposes.

Plaintiff has not established any error in the trial court's ruling. The affirmative defense asserted the exclusivity of the workers' compensation remedy as a bar to plaintiff's claims. Defendants were not required to allege a particular code section in the defense. Plaintiff also has not established any prejudice. Plaintiff's opposition to defendants' motion for summary judgment illustrates he was aware, prior to trial, that defendants based their defense on sections 3600 and 3602. He had ample opportunity to prepare to meet the issue at trial. Additionally, at trial, defendants asked that, if the trial court deemed the defense inadequately alleged, they be granted leave to amend to insert a reference to section 3602. Plaintiff had no objection to that request.

8.

We conclude the trial court correctly determined the affirmative defense was sufficiently alleged in the amended answer.

## II. Application of Exclusive Remedy Defense to Teresa

Under section 3600, compensation under the workers' compensation law is an employee's exclusive remedy for a work-related injury when the following conditions are met:

> "(1) Where, at the time of the injury, both the employer and the employee are subject to the compensation provisions of this division.

> "(2) Where, at the time of the injury, the employee is performing service growing out of and incidental to his or her employment and is acting within the course of his or her employment.

> "(3) Where the injury is proximately caused by the employment, either with or without negligence." (§ 3600, subd. (a).)[5]

The workers' compensation remedy does not apply, however, if the "employer fails to secure the payment of compensation." (§ 3706.) A private employer may secure the payment of compensation by obtaining a policy of workers' compensation insurance or a certificate of consent to self-insure. (§ 3700.) Defendants raised the defense of the exclusive workers' compensation remedy and bore the burden of proving that the conditions for compensation under that scheme were met. (*Doney v. Tambouratgis*, *supra*, 23 Cal.3d at p. 96.)

The evidence at trial included records of the workers' compensation proceedings. The first amended application for adjudication of claim named Jose Soares Dairy, Jose Soares, individually and dba Jose Soares Dairy, Teresa Soares, and Jose and Teresa Soares Dairy, as plaintiff's employer; it identified Zenith as the insurer. Zenith filed a petition for joinder of the Uninsured Employers Benefits Trust Fund. It asserted it

---

[5] The statute sets out a number of additional conditions, none of which are in issue in this case.

insured Jose Soares dba Jose Soares Dairy, but did not insure the others listed. Zenith stated the other entities did not appear to be insured and asked that the Uninsured Employers Benefits Trust Fund be joined as a defendant for the other entities. The request was granted.

In the workers' compensation proceeding, the parties stipulated "that the employer in this matter is the listed insured on [the Zenith policy] (Jose Soares DBA Jose Soares Dairy). All other named Defendants are hereby dismissed without prejudice." The stipulation was signed on behalf of Jose and Teresa, individually. The decision in the workers' compensation proceeding concluded plaintiff was in the course and scope of employment when he was injured by the fire, and therefore he was entitled to workers' compensation benefits.

In this civil action, the parties stipulated that, at the time of his injury, plaintiff was employed by Jose and Teresa to work at the dairy, and Jose and Teresa were operating the dairy as a sole proprietorship. They also stipulated that the only policy of workers' compensation insurance in effect at the time was the Zenith policy. Thus, plaintiff's exclusive remedy against Teresa was a workers' compensation award only if the Zenith policy insured her against workers' compensation liability.

## A.     Rules of contract interpretation

Determining whether Teresa was covered by the Zenith policy requires interpretation of the provisions of that policy. "Ordinary rules of contract interpretation apply to insurance policies." (*Hervey v. Mercury Casualty Co*. (2010) 185 Cal.App.4th 954, 961 (*Hervey*).) We interpret a contract de novo if the interpretation does not turn on the credibility of extrinsic evidence. (*City of Manhattan Beach v. Superior Court* (1996) 13 Cal.4th 232, 238.)

A contract must be construed as a whole, giving effect to all of its provisions, if reasonably possible or practicable. (*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1998) 68 Cal.App.4th 445, 473.) The fundamental goal of contractual

10.

interpretation is to give effect to the mutual intention of the parties at the time the contract was formed. (Civ. Code, § 1636.) "If contractual language is clear and explicit, it governs. [Citation.] On the other hand, '[i]f the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it.' [Citations.] This rule, as applied to a promise of coverage in an insurance policy, protects not the subjective beliefs of the insurer but, rather, 'the objectively reasonable expectations of the insured.' " (*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1264–1265.) Additionally, parol evidence is admissible to aid in interpreting an insurance policy if the terms are ambiguous. (*Hervey*, *supra*, 185 Cal.App.4th at p. 962.)

### B. Interpretation of Zenith policy

In the General Section of the policy, under the heading "Who Is Insured," the Zenith policy provided: "You are insured if you are an employer named in Item 1 of the Information Page. If that employer is a partnership, and if you are one of its partners, you are insured, but only in your capacity as an employer of the partnership's employees." Item 1 on the Information Page identified the insured as Jose Soares dba: Jose Soares Dairy. Item 1 also identified the "entity" as an "individual." (Capitalization omitted.) The undisputed evidence at trial was that Jose and Teresa jointly owned the dairy and employed plaintiff to work there.

Defendants successfully argued in the trial court that an endorsement to the policy created an ambiguity. They cited endorsement No. 14, the Sole Proprietor Exclusion Endorsement (the endorsement). It identified the named insured as Jose Soares, then provided:

> "It is agreed that such insurance as is afforded by the policy DOES NOT APPLY TO INJURY, including DEATH resulting therefrom, sustained by the insured, a SOLE PROPRIETOR:"

11.

Immediately below this language, the endorsement listed the names of Teresa Soares and Jose Soares, each followed by the title "OWNER." At the bottom of the same page, the insured was identified as Jose Soares Dairy.[6]

The evidence at trial indicated Jose and Teresa married in 1981 and had owned the dairy together for approximately 35 years at the time of trial in 2017. They renewed their workers' compensation policy annually. Before the 2013 workers' compensation policy went into effect, the dairy's secretary/bookkeeper, Manuela Avila (who was also Jose's niece), sent payroll information to the insurance broker. The broker prepared a written proposal, which indicated it was prepared for Jose and Teresa. Jose, Teresa, and Avila met with the broker, and Jose and Teresa chose the coverage to buy. The broker presented the workers' compensation policy as one written for Jose and Teresa. Jose testified that it was his intention, when he purchased workers' compensation insurance for the dairy, that the policy would cover both him and Teresa. Both Jose and Teresa testified they could not read English.

"The California Workers' Compensation Act (Act) provides an elaborate and complete scheme for the adjudication of claims by employees against employers for injuries arising out of the course and scope of employment. [Citations.] The workers' compensation statute has long been held to provide the exclusive remedy against an employer for work-related death or injury with a few statutory and judicially created exceptions." (*Rymer v. Hagler* (1989) 211 Cal.App.3d 1171, 1177.) "The underlying purpose of the Act is to provide employees a quick, simple, and readily accessible method of claiming and receiving compensation for work-related injuries. [Citation.] The statute was intended to require adequate insurance coverage against the liability to pay or furnish compensation." (*Id*. at p. 1183.)

---

**6**     The same footer, identifying the insured as Jose Soares Dairy, appears at the bottom of many of the pages of the policy.

12.

"In general, 'when a worker is entitled to workers' compensation benefits for an injury, those benefits constitute the worker's exclusive remedy against his or her employer for injuries sustained in the course of employment. [Citation.]' [Citation.] '[T]he legal theory supporting such exclusive remedy provisions is a presumed "compensation bargain," pursuant to which the employer assumes liability for industrial personal injury or death without regard to fault in exchange for limitations on the amount of that liability. The employee is afforded relatively swift and certain payment of benefits to cure or relieve the effects of industrial injury without having to prove fault but, in exchange, gives up the wider range of damages potentially available in tort.' " (*Employers Mutual Liability Ins. Co. v. Tutor-Saliba Corp.* (1998) 17 Cal.4th 632, 637.) The workers' compensation system serves four purposes: "(1) to ensure that the cost of industrial injuries will be part of the cost of goods rather than a burden on society, (2) to guarantee prompt, limited compensation for an employee's work injuries, regardless of fault, as an inevitable cost of production, (3) to spur increased industrial safety, and (4) in return, to insulate the employer from tort liability for his employees' injuries." (*S.G. Borello & Sons, Inc. v. Department of Industrial Relations* (1989) 48 Cal.3d 341, 354.)

In this case, plaintiff was employed by Jose and Teresa, a married couple who owned and operated the dairy known as Jose Soares Dairy. Through the dairy's secretary/bookkeeper, Jose and Teresa provided the insurance broker with payroll information regarding the dairy's employees, which enabled the broker to prepare a proposal for them for the workers' compensation coverage. After receiving the proposal, they purchased a policy of workers' compensation insurance. It is undisputed that the workers' compensation policy compensated plaintiff for his work-related injury. It served the purposes of the workers' compensation statutes: providing prompt compensation for plaintiff's injuries, regardless of fault, and passing the cost on as part of the cost of production of the dairy's products.

As the trial court recognized, the policy presented an ambiguity as to the identity of the insured. The policy was issued to cover the workers' compensation obligation to the employees of the dairy business, but the named insured was identified as an individual. The dairy, however, was not owned and operated by an individual. As the insurer acknowledged in the endorsement, the dairy was owned by both spouses, Jose and Teresa.

We must construe the insurance policy to protect the objectively reasonable expectations of the insured. (*Hervey*, *supra*, 185 Cal.App.4th at p. 961.) When a married couple who jointly own a business seek a policy of workers' compensation insurance to cover their potential liability to the employees of the business, a reasonable insured would expect the policy provided to cover the entire liability of the business, protecting both of the business owners. A reasonable insured would not expect the policy to single out one spouse for coverage, leaving the other civilly liable for the employees' injuries and for any penalties imposed for failure to maintain insurance as required by the workers' compensation law.

The named insured designated in the policy was "Jose Soares [¶] dba: Jose Soares Dairy." (Some capitalization omitted.) The dairy was a family business. At the time Jose and Teresa purchased the Zenith policy, Jose ran the business with the help of their sons; Teresa was primarily a homemaker but still sometimes went to the office and signed checks, went to meetings, and helped her husband manage the business. The name of the insured on the Information Page of the policy included "Jose Soares Dairy" (some capitalization omitted), one of the names under which the dairy operated. Additionally, throughout the policy, the insured was repeatedly referred to as "Jose Soares Dairy." These references would lead a reasonable person to believe Jose Soares Dairy was insured under the policy. Although the named insured was listed as "Jose Soares [¶] dba: Jose Soares Dairy" (some capitalization omitted), to the average insured lacking legal training, the significance of the "dba" designation would not be apparent.

14.

Reference to the name of the dairy in the designation of the insured throughout the policy would lead to a reasonable expectation that the entire workers' compensation liability of Jose Soares Dairy—the business jointly owned by Jose and Teresa—was covered by the policy.

Plaintiff cites cases for the proposition that each employer must carry workers' compensation insurance, and if any employer is not insured or permissibly self-insured, that employer may be held civilly liable for its employees' injuries. The cases cited are inapposite.

In *Strickland v. Foster* (1985) 165 Cal.App.3d 114, a truck driver was employed by Foster, who was in the business of furnishing trucks and drivers to other businesses. (*Id*. at p. 116.) The driver was working for Logex Trucking Company at the time he was injured and died. The truck driver's widow (the plaintiff), obtained a workers' compensation death benefit award jointly and severally against Logex's insurer and against Foster, who was not insured. (*Ibid*.) The plaintiff also sued Foster in a judicial action. (*Id*. at p. 117.) The court concluded the plaintiff was entitled to sue Foster, an uninsured employer, despite the workers' compensation award and despite any recovery against Logex. (*Id*. at pp. 117–118.) It held that, in a case of dual employment, each employer must secure payment of workers' compensation. (*Id*. at pp. 118–119.)

In *Huffman v. City of Poway* (2000) 84 Cal.App.4th 975, the plaintiff was an actor who was injured while working on a play coproduced by two entities, Reunion Productions and Arts Alive! Foundation (AAF). (*Id*. at p. 979.) The plaintiff had received workers' compensation benefits from the self-insured city, which owned the facility where the plaintiff was injured, and which the plaintiff claimed was his co-employer. (*Id*. at pp. 981, fn. 6, 983.) The plaintiff sued AAF for damages, but the jury found he was employed by a joint venture of Reunion and AAF, and the trial court concluded workers' compensation was the plaintiff's only remedy against AAF. (*Id*. at p. 984.)

The court noted section 3706 provided an exception to the exclusivity of the workers' compensation remedy, which applied when the employer failed to secure the payment of such compensation. (*Huffman v. City of Poway*, *supra*, 84 Cal.App.4th at p. 984.) AAF did not have either a policy of workers' compensation insurance or a certificate of consent to self-insure, as required by section 3700. (*Huffman*, at pp. 984–985.) Consequently, workers' compensation benefits were not the plaintiff's exclusive remedy against AAF, and AAF could still be sued for damages as an uninsured employer. (*Id*. at p. 987.)

In *Hernandez v. Chavez Roofing, Inc.* (1991) 235 Cal.App.3d 1092, the plaintiffs' decedent was killed while working for his employer, a roofing subcontractor who had no contractor's license or workers' compensation insurance. (*Id*. at pp. 1093–1094.) The plaintiffs sued the subcontractor for wrongful death. The subcontractor argued that, under section 2750.5, an unlicensed subcontractor and its employees are deemed to be employees of the general contractor for workers' compensation purposes. (*Hernandez*, at p. 1095.) Therefore, it concluded, the plaintiffs' exclusive remedy was workers' compensation benefits, and only the general contractor, who was insured, was liable for those. (*Ibid*.) The court rejected that argument. "In effect [the subcontractor] wants us to declare that a violation of the law requiring a contractor's license can protect an employer from the consequences of a violation of the law requiring workers' compensation insurance. Under this approach more culpability means less liability." (*Ibid*.) Instead, it concluded: "Section 2750.5 can create a dual employment relationship whereby a worker may be an employee of both a general contractor and a subcontractor. [Citation.] The price that must be paid by each employer for immunity from tort liability is the purchase of a workers' compensation policy. [Citation.] [The subcontractor] chose not to pay that price, so it should not be immune from liability." (*Ibid*.)

In *Zimmerman v. Industrial Acc. Com.* (1931) 119 Cal.App. 253, Zimmerman, an individual doing business as Royal Paint and Wall Paper Company, was the insured

16.

under a policy of workers' compensation insurance. (*Id*. at p. 254.) He took on a partner, Stern, and they continued to operate the business under the same name, without informing the insurer of the newly added partner or making any change in the insurance policy. (*Ibid*.) An employee of the business was subsequently injured at work and applied for workers' compensation benefits. (*Id*. at pp. 254–255.) The Industrial Accident Commission (predecessor of the Workers' Compensation Appeals Board)[7] found Zimmerman's act of taking on a partner voided the workers' compensation policy as to him. (*Id*. at p. 255.) The reviewing court held that Zimmerman was covered by the policy for his workers' compensation liability to the employee; he was the named insured under the policy, and continued to operate the business under that name, even after adding a partner. (*Ibid*.) The partner, however, was uninsured; "the policy designated … Zimmerman, an individual, as the insured; and under no possible theory, therefore, can the fact that Stern afterwards entered into a partnership with Zimmerman operate as a matter of law to extend the terms of the insurance contract to cover Stern, individually or otherwise." (*Ibid*.)

 *Strickland*, *Huffman*, and *Hernandez* involved cases of dual employment; the employee was found to be employed by two separate businesses, each of which had an obligation to obtain either a policy of workers' compensation insurance or a certificate of consent to self-insure in order to comply with the workers' compensation law. Here, there was no dual employment. Plaintiff was employed by only one business, which was owned by a married couple.

 *Zimmerman* is also distinguishable. The workers' compensation policy was issued to the individual owner of the business employing the injured worker. At the time, there was only one owner and neither he nor the insurer had any intention of insuring a partner or partnership that did not then exist. After the addition of the partner, the insured

---

**7** See *Ramirez v. Workers' Comp. Appeals Bd.* (2017) 10 Cal.App.5th 205, 220, fn. 7.

17.

individual did not inform the insurer of that addition or request coverage for the partner or the partnership. The court found no basis for extending coverage beyond what was intended by the owner and the insurer at the time the policy was issued.

Here, the dairy business was at all times owned by both Jose and Teresa. It went by the name Jose Soares Dairy. At the time the Zenith policy was issued, the insurer knew the dairy was owned by both spouses, as indicated in the endorsement. The exemplar of Zenith's invoice for policy premiums listed as the insured "Jose Soares" and "Jose Soares Dairy." (Capitalization omitted.) The combination of the inclusion of the name "Jose Soares Dairy" in many of the designations of the named insured in the policy, the insurer's subsequent conduct in sending premium invoices listing both Jose Soares and Jose Soares Dairy as the insured, and the acknowledgement in the endorsement that the dairy had two owners was sufficient to cause a reasonable person to believe the Zenith policy satisfied the obligation of both of the dairy's owners to insure the dairy with workers' compensation coverage for the benefit of its employees.

We conclude the trial court did not err in determining Teresa's liability for workers' compensation benefits was within the coverage of the Zenith policy. Consequently, workers' compensation was plaintiff's exclusive remedy against both Jose and Teresa for his injuries sustained in the mobilehome fire.

## III. Application of Exclusive Remedy Defense to Trustees

In addition to suing Teresa individually, plaintiff also sued Jose and Teresa as trustees of the J&T Soares 2006 Trust, based on allegations of premises liability. The parties stipulated that title to the mobilehome and the premises where plaintiff was injured was held in the names of Jose and Teresa, as trustees of the J&T Soares 2006 Trust, a revocable living trust, and Jose and Teresa were the only trustees of that trust. The trial court found Jose and Teresa as trustees could not be held civilly liable to plaintiff for his injuries separately from Jose and Teresa as individuals, because there was no legal distinction between the two.

18.

"Under California law, a revocable inter vivos trust is recognized as simply 'a probate avoidance device, but does not prevent creditors of the settlors—who are often also the trustees and the sole beneficiaries during their lifetimes—from reaching trust property.' " (*Zanelli v. McGrath* (2008) 166 Cal.App.4th 615, 633.) "If the settlor retains the power to revoke the trust in whole or in part, the trust property is subject to the claims of creditors of the settlor to the extent of the power of revocation during the lifetime of the settlor." (Prob. Code, § 18200.) This rule recognizes "that when property is held in this type of trust, the settlor and lifetime beneficiary ' "has the equivalent of full ownership of the property." ' " (*Zanelli*, at p. 633.) Thus, "at least for most purposes '[t]here is no distinction in California law between property owned by the revocable trust and property owned by the settlor of such a revocable trust during the lifetime of the settlor.' " (*Carolina Casualty Ins. Co. v. L.M. Ross Law Group, LLP* (2010) 184 Cal.App.4th 196, 208.)

To establish that the trust could not be held liable to plaintiff separately from Jose and Teresa as individuals, the burden was on defendants to demonstrate that the trust was of the type subject to the rule. They were required to establish the trust was revocable and Jose and Teresa were the settlors.

The parties stipulated that Jose and Teresa were the sole trustees of the J&T Soares 2006 Trust, a revocable living trust. They also stipulated the mobilehome and premises were assets of the trust. Plaintiff contends defendants failed to demonstrate they were the settlors of the trust.

At trial, there was testimony that Jose and Teresa married in 1981. They subsequently started the dairy business[8] and jointly owned it thereafter. They were the only owners of the dairy business. Jose testified he purchased the property where the fire

---

[8]     Teresa testified she and Jose had owned the dairy for 34 or 35 years at the time of trial in 2017, which indicates they owed it from approximately 1982 or 1983.

19.

occurred in 2009 or 2010. Consistent with the stipulation that the mobilehome and the premises were assets of the trust, Jose testified some of his and Teresa's property was held in a family trust. Some of the property of the dairy business, such as motor vehicles, was not held in the trust. Avila's deposition testimony that the dairy business owned about 15 mobilehomes was also admitted.

We conclude there was substantial evidence supporting the trial court's inference that Jose and Teresa owned the dairy business and its assets, and placed some of those assets, including the mobilehome where the fire occurred and the premises on which it was located, in the J&T Soares 2006 Trust. The trust was stipulated to be a revocable living trust. The trial court properly treated the trust property as property owned by the settlors, Jose and Teresa.

Because substantial evidence supports the finding that the trust is of the type that cannot be held liable, separately from Jose and Teresa individually, for the condition of the mobilehome and the premises held in the trust at the time of plaintiff's injury, the trial court correctly found that workers' compensation was plaintiff's exclusive remedy against Jose and Teresa, individually and as trustees of the J&T Soares 2006 Trust.

## DISPOSITION

The judgment is affirmed. Defendants are entitled to their costs on appeal.


HILL, P.J.

WE CONCUR:


POOCHIGIAN, J.


DETJEN, J.


20.