Filed 9/24/18; Modified and Certified for Publication 10/24/18 (order attached)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| S.V., | |
| Petitioner, | E070931 |
| v. | (Super.Ct.No. J275562) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for extraordinary writ. Annemarie G. Pace, Judge. Petition denied.

Matthew Donahue for Petitioner.

No appearance for Respondent.

Michelle D. Blakemore, County Counsel, Svetlana Kauper, Deputy County Counsel, for Real Party in Interest.

1

Petitioner S.V. (mother) filed a petition for extraordinary writ pursuant to California Rules of Court, rule 8.452 (8.452), challenging the juvenile court's denial of reunification services under Welfare and Institutions Code[1] section 361.5, subdivision (b)(3), and setting a section 366.26 hearing. Mother argues the court erred in applying section 361.5, subdivision (b)(3), to bypass reunification services with regard to her child, M.C. (the child). We disagree and deny mother's petition.

## PROCEDURAL BACKGROUND

*Prior Dependency*

In November 2016, the San Bernardino County Children and Family Services (CFS) filed a section 300 petition on behalf of the child, who was a newborn at the time. The petition alleged that she came within section 300, subdivisions (a) (serious physical harm), (b) (failure to protect), and (j) (abuse of sibling). It specifically alleged that, while in mother's care, the child's half-sibling, D.C., sustained injuries including a second degree burn on his foot, a fractured skull, and a broken leg; thus, the child was at risk for severe physical harm.[2] The court found that the child came within the provisions of section 300, subdivisions (a), (b), and (j). On December 14, 2016, the court declared the child a dependent, removed her from the custody of mother and father (the parents), and

---

[1] All further statutory references will be to the Welfare and Institutions Code, unless otherwise noted.

[2] The petition also included allegations against the child's father, P.C. (father), who is not a party to this writ. This opinion will discuss the allegations concerning mother only.

2

placed her in the home of paternal relatives. The court ordered reunification services for the parents.

The court held a six-month review hearing on July 31, 2017, and found that the parents had made substantial progress in their services and ordered the child to be returned to their custody, under a plan of family maintenance. On January 31, 2018, the parents reunified with the child, and the court dismissed the case.

*Current Dependency*

A few months later, on April 5, 2018, CFS filed another section 300 petition on behalf of the child. The petition alleged that she came within section 300, subdivisions (b) (failure to protect) and (j) (abuse of sibling). It specifically alleged that mother knew or reasonably should have known that her live-in boyfriend, father, was physically abusing his children, and she did not take any actions to protect the child.

On June 27, 2018, CFS filed an amended petition with different supporting allegations. The amended petition alleged that mother used violence on one or more occasions toward two of the child's half-siblings. Her actions included pulling them by the ears and dropping them, grabbing one child by the shirt and throwing him to the floor, as well as slapping another child in the face and hitting her on the hand with hangers, which caused her to bleed. The amended petition also alleged the court found allegations of physical abuse true in the prior dependency, which was dismissed after mother successfully reunified with him. However, he was again removed on April 3, 2018, due to similar allegations of physical abuse of the child's other half-siblings. On July 3, 2018, the court detained the child in foster care.

3

On July 13, 2018, the court held a contested jurisdiction/disposition hearing. It found that the child came within section 300, subdivisions (b) and (j), declared her a dependent, and removed her from the parents' custody. Mother's counsel requested reunification services and argued that the bypass provision under section 361.5, subdivision (b)(3), did not apply. He acknowledged that the child was previously removed and returned to mother's custody, and that she has now been removed again due to physical abuse. However, he argued that the bypass provision did not apply since the physical abuse did not happen to the child. Under his reading of the statute, the additional abuse had to have occurred to the particular child that was being removed, not to other children in the home. County counsel disagreed with mother's counsel's view that it had to be the same child that was physically abused. He asserted that section 361.5, subdivision (b)(3), says a child or sibling of the child must have been previously adjudicated a dependent as a result of physical or sexual abuse, which was the case here. The child was previously removed and was now being removed again, due to additional physical or sexual abuse. County counsel further argued that it was not in the child's best interest to grant services since mother recently completed services in the prior case, and within a few months, the instant case arose. County counsel concluded that mother had obviously failed to benefit from services and asserted that it was unclear what more could be done to ensure the child would be safe in her custody.

After hearing argument from counsel, the court found that the case involved serious physical harm under section 361.5, subdivision (b)(6). The court also noted that this was not the mother's first dependency, that her children were recently returned, and

4

within a few months of the dismissal of the prior case the instant petition was filed alleging significant physical abuse. As to section 361.5, subdivision (b)(3), the court noted that the parties discussed the plain language of the statute. It observed that the child was previously removed because of physical abuse, not to her but her half-sibling, and she was at risk of severe physical abuse. The court stated that the child was being removed again due to physical abuse, but the statute "does not indicate that the abuse— either the initial abuse or the second abuse has to be to this child." The court concluded that section 361.5, subdivision (b)(3), applied. Therefore, it declared the child a dependent, removed her from the parents' custody, and denied mother services under section 361.5, subdivision (b)(3). The court also found that it was not in the child's best interest to reunify and set a section 366.26 hearing.

## ANALYSIS

### The Court Properly Applied Section 361.5, Subdivision (b)(3), to Bypass Reunification Services

Mother contends that the juvenile court erred in denying her reunification services under section 361.5, subdivision (b)(3), since it did not apply here. She argues that, pursuant to the plain language of the statute, it only applies when the minor who was previously removed and subsequently returned has been the victim of physical or sexual abuse by the parent. Specifically, she states that the child's initial removal did not have to be the result of any abuse perpetuated on her; however, upon return and subsequent removal, the additional abuse must have been perpetuated on the child in order for the bypass provision to apply. We disagree.

5

Mother presents a question of law that we consider de novo. (*Bridget A. v. Superior Court* (2007) 148 Cal.App.4th 285, 300-301.) To determine the proper interpretation of section 361.5, subdivision (b)(3), we first "examine the actual language of the statute, giving the words their ordinary, everyday meaning. [Citation.] If the meaning is without ambiguity, doubt, or uncertainty, then the language controls and there is nothing to 'interpret' or 'construe.' [Citation.] If the meaning of the words is not clear, a court must take the second step and refer to the legislative history. [Citation.] The final step, which is to apply reason, practicality, and common sense to the language at hand, should only be taken when the first two steps have failed to reveal clear meaning. If possible, the words should be interpreted to make them workable and reasonable, in accord with common sense and justice, and to avoid an absurd result." (*Maricela C. v. Superior Court* (1998) 66 Cal.App.4th 1138, 1143-1144.)

Section 361.5, subdivision (b), identifies situations in which the juvenile court need not provide reunification services to a parent. Under section 361.5, subdivision (b)(3), the court need not provide reunification services when it finds by clear and convincing evidence that "the child or a sibling of the child has been previously adjudicated a dependent pursuant to any subdivision of Section 300 as a result of physical or sexual abuse, that following that adjudication the child had been removed from the custody of his or her parent . . . pursuant to Section 361, that the child has been returned to the custody of the parent . . . from whom the child had been taken originally, and that the child is being removed pursuant to Section 361, due to additional physical or sexual abuse." If section 361.5, subdivision (b)(3) applies, the court may not order reunification

6

services unless it finds by clear and convincing evidence that reunification is in the best interest of the child.  (§ 361.5, subd. (c).)

Section 361.5, subdivision (b)(3), clearly applied here.  The child was "previously adjudicated a dependent" pursuant to section 300, subdivision (j), "as a result of physical . . . abuse" to the child's half-sibling.  Furthermore, the child was "removed from the custody" of mother and later returned to her custody.  Afterward, the child was removed a second time pursuant to section 361 because of "additional physical . . . abuse."  The court removed the child from mother's custody after finding true the allegations that mother physically abused two of the child's half-siblings, and the child was at risk of similar abuse.

Mother claims section 361.5, subdivision (b)(3), did not apply because the additional abuse was to the child's siblings, not to the child herself.  However, the statute simply states:  "that the child is being removed [a second time] pursuant to Section 361, due to additional physical or sexual abuse."  The statutory language does not specify that the additional abuse must have been inflicted on the child who is being removed, as opposed to a sibling.  Had the Legislature wanted to so limit this statutory provision, it could have done so.  The Legislature chose not to, which was in keeping with the apparent goal of the provision—to protect children against recidivist abusive parents.  Mother would have us read the additional words "to that child" at the end of section 361.5, subdivision (b)(3).  This we cannot do.  (Code Civ. Proc., § 1858; *Richardson v. San Diego* (1961) 193 Cal.App.2d 648, 650 ["[I]n the construction of a statute the judiciary must simply ascertain and declare what is in terms and in substance contained

7

therein, and may not insert thoughts that have been omitted or omit thoughts that have been inserted. [Citation.] A court may not rewrite the statute [citation], nor insert words in a statute under the guise of interpretation [citation], nor enlarge the plain provisions of a law [Citations]."].)

In any event, before ordering services for a parent described by section 361.5, subdivision (b)(3), the court must find, by clear and convincing evidence, that reunification is in the best interest of the child. (§ 361.5, subd. (c)(2).) The court did not find so here, and in fact found that reunification was *not* in the child's best interest. We agree with that assessment, as mother was just provided with reunification services in the prior dependency and successfully reunified with the child. However, within mere months, the court sustained the instant petition, which alleged physical abuse again. Mother clearly did not benefit from the services, and it would be fruitless to provide her with more. (*D.F. v. Superior Court* (2015) 242 Cal.App.4th 664, 669.) We note that mother has not disputed the court's finding that reunification was not in the child's best interest.

In sum, the language of section 361.5, subdivision (b)(3), does not support mother's contention, and the juvenile court properly applied the bypass provision in denying her reunification services. Moreover, reunification is not in the child's best interest.

8

## DISPOSITION

The writ petition is denied.


McKINSTER
                                    Acting P. J.


We concur:


CODRINGTON
                 J.


FIELDS
                 J.

9

Filed 10/24/18

COURT OF APPEAL -- STATE OF CALIFORNIA
FOURTH DISTRICT
DIVISION TWO

**ORDER**

S.V.,

    Petitioner,

v.

THE SUPERIOR COURT OF
SAN BERNARDINO COUNTY,

    Respondent;

SAN BERNARDINO COUNTY
CHILDREN AND FAMILY SERVICES,

    Real Party in Interest.

E070931

(Super.Ct.No. J275562)

ORDER MODIFYING OPINION
AND GRANTING REQUEST
FOR PUBLICATION

NO CHANGE IN JUDGMENT

The opinion herein, filed on September 24, 2018, is modified as follows:

On page 3, the third full paragraph, beginning with, "On June 27, 2018," is deleted

and replaced with:

On June 27, 2018, CFS filed an amended petition with different supporting

allegations. The amended petition alleged that mother "used escalating violence

toward" two of the child's half siblings. Her actions included pulling them by the

ears and dropping them, grabbing one child by the shirt and throwing him to the

floor, slapping the other child in the face, as well as hitting her on the hand with

1

hangers, which caused her to bleed. These actions placed the child at risk of similar abuse. The amended petition also alleged the court found allegations of physical abuse against the child's half sibling, D.C., true in the prior dependency, which was dismissed after mother successfully reunified with him. However, he was again removed on April 3, 2018, due to similar allegations of physical abuse of the child's other half siblings. On July 3, 2018, the court detained the child in foster care.

The modification does not affect the judgment.

The request, filed October 11, 2018, for publication of the opinion is GRANTED. The opinion meets the standards for publication as specified in California Rules of Court, rule 8.1105(c).

McKINSTER
Acting P. J.

We concur:

CODRINGTON
J.

FIELDS
J.

2