Filed 9/12/25  J.Z. v. Superior Court CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| J.Z.,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SANTA BARBARA COUNTY,<br><br>    Respondent;<br><br>SANTA BARBARA COUNTY CHILD WELFARE SERVICES,<br><br>    Real Party in Interest. | 2d Juv. No. B347000<br>(Super. Ct. Nos. 24JV00023,<br>24JV00024, 24JV00025,<br>24JV00026)<br>(Santa Barbara County) |

In this petition for extraordinary writ J.Z. (Mother) challenges the juvenile court's order of June 9, 2025, setting a selection and implementation hearing regarding her children,

A.S., F.S., N.S., and A.P.S.  (Welf. & Inst. Code,[1] § 366.26, subd. (*l*); Cal. Rules of Court,[2] rule 8.452.)  She contends the order was based on insufficient evidence.  We deny the petition.

FACTUAL AND PROCEDURAL HISTORY

Mother and F.Z. (Father) lived with their four children, ages 5 through 13.  A juvenile dependency petition was filed January 17, 2024 (amended February 15, 2024), including allegations that Mother failed to protect the children.  (§ 300, subds. (a), (b)(1), (d), (g), and additionally, as to F.S. and A.P.S., subd. (j).)  It alleged that Father physically abused all four children, including hitting F.S. with a belt and charging cable, and hitting N.S. on her arms and legs leaving marks that lasted for days.  A.S., age 13, disclosed that Father had sexually abused her for eight years, including vaginal intercourse several times a week and repeatedly forcing her to orally copulate him.  Father threatened to hit her if she did not comply.  Mother stood and watched the sexual abuse but did nothing in response.  When A.S. told her mother about the sexual abuse, Mother simply told her to stay away from Father.  In addition, N.S., age 8, disclosed that Father sexually abused her by rubbing her private parts.  Mother was aware of the abuse, but did nothing to protect her.

Father was charged with felony sexual abuse and arrested.  He remained in custody throughout the dependency proceedings.

The parents waived their right to trial on the dependency petition and pleaded no contest.  (Rule 5.682(d).)  The juvenile

---

[1] Further statutory references are to the Welfare and Institutions Code.

[2] Further rule references are to the California Rules of Court.

court found the petition true and declared the children dependents of the court. The court ordered Mother be provided with reunification services and bypassed reunification services for Father (§ 361.5, subd. (b)(6)). The court ordered the children removed from the parents' custody. (§ 361, subd. (c)(1).)

Santa Barbara County Child Welfare Services (the department) subsequently filed requests to change the court order (§ 388), requesting the children be returned to Mother's custody with family maintenance services because she had "addressed the issues that led to removal" and "continued to demonstrate her protective capacities" during extended home visits. On January 3, 2025, the court granted the requests. The children were returned to Mother's care and custody. Mother and the children then resided in a single bedroom in her apartment. Mother sublet a second bedroom to various tenants.

In March 2025, the department learned that in approximately January, A.S. had been raped in the apartment by Mother's tenant. At the time of the rape, Mother had left the home to drop the other children off at school. The tenant accosted A.S. in the bathroom, pulled her by her arm to his bedroom, and had vaginal intercourse with her against her will.

A.S. reported the assault to Mother, who said she would talk to the tenant. Mother "kicked him out of the home" and he left the next day. Mother instructed A.S. to not tell the police, the social worker, or anyone else about the sexual assault. Mother also told the other children not to tell anyone. A.S. told the social worker she did not want to return to Mother's home because she did not feel safe there and was also worried about her siblings.

A.S. reported the assault to school employees, who

contacted the department. The day the department received the report, the children were detained and placed in confidential shelter/foster care.

Mother told police she had no knowledge of the incident, who the tenant was, or the names of any of her tenants, and denied she "kicked out" any tenants. She later failed to answer phone calls from the investigating police agency. Her lawyer later provided police with the names of two possible tenants at the time of the rape.

The department filed a supplemental petition (§ 387) alleging the previous disposition had not been effective in protecting or rehabilitating the children based on the new sexual assault and Mother's instructions "to conceal the abuse . . . putting the children at risk for further abuse and neglect."

In March 2025, based on the department's detention report and police reports of the rape, the court ordered the children removed from the parents' home. The court found, "[C]ontinuance in the home of the parents is contrary to their welfare. . . . Reasonable efforts have been made to prevent or eliminate the need for removal. No services exist to prevent the need for removal. And continued detention is necessary because a substantial risk of physical and emotional harm exists to the children if not removed." (See § 361, subd. (c)(1).)

A contested jurisdictional and dispositional hearing was held on the supplemental petition in June 2025. (Rule 5.565(e).) Without objection, the court considered the detention report and police reports that described the tenant's sexual assault and Mother's response to it. (§ 355, subd. (b).) Mother testified that A.S. disclosed that "somebody . . . tried to kiss [her]," but Mother thought she was talking about the earlier abuse by Father.

4

The juvenile court did not find Mother's testimony credible and found the factual allegations of the supplemental petition true. The court found by clear and convincing evidence that the circumstances stated in section 361, subdivision (c)(1) justified removal of custody from the parents. The court denied reunification services to Mother pursuant to section 361.5, subdivision (b)(3). The court also found by clear and convincing evidence that reunification services were not in the best interests of the children. (See § 361.5, subd. (c)(2).) The court set a selection and implementation hearing (§ 366.26) for October 7, 2025.

DISCUSSION

Mother contends the juvenile court's orders of June 9, 2025, were based on insufficient evidence. We disagree.

*Supplemental petition*

"A section 387 supplemental petition is used to change the placement of a dependent child from the physical custody of a parent to a more restrictive level of court-ordered care." (*In re T.W.* (2013) 214 Cal.App.4th 1154, 1161.) We review the jurisdictional and dispositional findings in a section 387 petition for substantial evidence. (*T.W.*, at p. 1161.) " ' "In making this determination, we draw all reasonable inferences from the evidence to support the findings and orders of the dependency court; we review the record in the light most favorable to the court's determinations; and we note that issues of fact and credibility are the province of the trial court." ' " (*In re I.J.* (2013) 56 Cal.4th 766, 773.)

A.S. described the circumstances of the sexual assault by the tenant and Mother's instruction not to tell anyone. As the trier of fact, the juvenile court properly accepted that evidence

and concluded that Mother's explanation was not credible.  The order finding the supplemental petition true was supported by substantial evidence.

*Denial of reunification services*

We conclude the juvenile court did not err in denying reunification services to Mother.

With certain exceptions, the court must order that the parents receive reunification services "whenever a child is removed from a parent's or guardian's custody."  (§ 361.5, subd. (a).)  However,  "[r]eunification services need not be provided to a parent or guardian . . . when the court finds, by clear and convincing evidence," that one of several designated situations exists.  (§ 361.5, subd. (b).)  This includes: "That the child or a sibling of the child has been previously adjudicated a dependent pursuant to any subdivision of Section 300 as a result of physical or sexual abuse, that following that adjudication the child had been removed from the custody of the child's parent or guardian pursuant to Section 361, that the child has been returned to the custody of the parent or guardian from whom the child had been taken originally, and that the child is being removed pursuant to Section 361, due to additional physical or sexual abuse."  (§ 361.5, subd. (b)(3).)

The provisions in section 361.5, subdivision (b)(3) regarding the "previously adjudicated" abuse and "additional" abuse apply to both the abused children and their siblings.  (*S.V. v. Superior Court* (2018) 28 Cal.App.5th 671, 676; *In re D.F.* (2009) 172 Cal.App.4th 538, 545.)  We "review[] an order denying reunification services under section 361.5, subdivision (b) for substantial evidence."  (*Cheryl P. v. Superior Court* (2006) 139 Cal.App.4th 87, 96.)

6

Substantial evidence here establishes the elements of section 361.5, subdivision (b)(3). The children were previously adjudicated dependents based on Father's physical abuse of all four children and his sexual abuse of A.S. and N.S. At the dispositional hearing, they were removed from Mother's custody pursuant to subdivision (c)(1) of section 361. They were later returned to Mother's custody pursuant to the court order granting the department's section 388 request. And they were removed again pursuant to section 361, subdivision (c)(1) based on the sustained supplemental petition that a tenant in Mother's home sexually abused A.S., and that Mother put the children at risk for further abuse by instructing them not to disclose the sexual abuse. The removal order was supported by substantial evidence.

Because the court found section 361.5, subdivision (b)(3) applied, it could not order reunification services unless it would be in the children's best interests. (§ 361.5, subd. (c)(2); *In re D.F.*, *supra*, 172 Cal.App.4th at p. 548.) "The court did not find so here, and its finding in this regard did not evince an abuse of discretion." (*D.F.*, at p. 548.) Mother left her 14-year-old daughter alone in an apartment with a man whose name Mother claimed she didn't know. The previous services Mother had received were ineffective. When she learned that her tenant had raped her daughter, she did as she had in the original petition and told her children to keep silent. The trial court explained that its decision was motivated by the similarity between the circumstances of the current removal with those that led to the original removal, that Mother "failed, obviously, to make efforts to protect the child from further sexual abuse," failed to cooperate with law enforcement or the department, and told the child not to

7

disclose the abuse.

*Setting section 366.26 hearing*

When the court denies reunification services pursuant to section 361.5, subdivision (b)(3), "it shall . . . determine if a hearing under Section 366.26 shall be set." (§ 361.5, subd. (f).) "[A]fter reunification services are terminated or bypassed (as in this case), 'the parents' interest in the care, custody and companionship of the child [is] no longer paramount. Rather, at this point "the focus shifts to the needs of the child for permanency and stability. . . ." ' [Citations.] For this reason, the decision to terminate or bypass reunification services ordinarily constitutes a sufficient basis for terminating parental rights. (§ 366.26, subd. (c)(1).)" (*In re K.C.* (2011) 52 Cal.4th 231, 236–237.) In light of Mother's repeated failures to protect the children from abuse while in her custody, the juvenile court did not abuse its discretion when it set the section 366.26 hearing. (See *T.J. v. Superior Court* (2018) 21 Cal.App.5th 1229, 1248, disapproved on another point in *Michael G. v. Superior Court* (2023) 14 Cal.5th 609, 631, fn. 8.)

DISPOSITION

The petition for extraordinary writ is denied.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

YEGAN, Acting P. J.        CODY, J.

8

Gustavo E. Lavayen, Judge

Superior Court County of Santa Barbara

_____

Law Offices of James S. Tringham and James S. Tringham for Petitioner.

No appearance for Respondent.

Rachel Van Mullem, County Counsel, Adam R. Crawford, Deputy County Counsel, for Real Party in Interest.