Filed 3/10/26  In re Nathan A. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re Nathan A. et al., Persons Coming Under the Juvenile Court Law. | B344556 |
| | (Los Angeles County Super. Ct. No. 21CCJP05659C-D) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>ZULEIKA A.,<br><br>  Defendant and Appellant. | |

  APPEAL from orders of the Superior Court of Los Angeles County, Cathy J. Ostiller, Judge.  Dismissed.

  James W. Tritt, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Sally Son, Deputy County Counsel, for Plaintiff and Respondent.

————————————

In January 2025 the juvenile court sustained counts in a petition by the Los Angeles County Department of Children and Family Services under Welfare & Institutions Code section 300, subdivisions (a) and (b),[1] alleging Zuleika A. and Francisco R., the parents of Nathan A. and his sister Zuleika Jr., had a history of ongoing domestic violence in the presence of their children, including incidents where Zuleika hit Francisco in the face. The court also sustained a count under section 300, subdivision (b), alleging Zuleika had a history of, and was currently, abusing alcohol and marijuana.

At disposition the court declared Nathan and Zuleika Jr., who at the time were 10 years old and three years old, respectively, dependent children of the juvenile court, removed them from Zuleika, and placed them with Francisco with a home-of-father order. The court found that the Department made reasonable efforts to prevent removal and that Zuleika, though she had recently started an outpatient drug treatment program, needed "to spend a little more time addressing her substance abuse issues before it's safe to place the children with her." The court stated: "I think if we can resolve the substance abuse issues, we'll be in a better position to resolve the domestic violence issues as well, which will then make the home a safer

---

[1] Undesignated statutory references are to this code.

2

place for the children to be. So, for now, I am removing the children from the mother."

Zuleika appealed from the juvenile court's jurisdiction findings and disposition orders, challenging only the court's removal order at disposition. Zuleika argues substantial evidence did not support the court's findings that the Department made reasonable efforts to prevent removal and that releasing the children to Francisco would not be detrimental to them.

But in August 2025 the juvenile court terminated the home-of-father order, entered a home-of-parents order, and gave the Department discretion to allow Zuleika to move into the family home. The court found Zuleika and Franscisco were complying with their case plans and ordered them "to continue successfully in their court-ordered programs."[2]

The Department argues we should dismiss the appeal as moot because, now that the juvenile court has returned Nathan and Zuleika Jr. to Zuleika, we cannot provide her any effective relief. The Department argues that, because the juvenile court has entered a home-of-parents order and returned the children to Zuleika, "as requested in her appeal," she "has received the precise relief she sought as to the children's removal," and "there is no further relief this Court can provide."

"'A court is tasked with the duty "'to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" [Citation.] A case becomes moot when events "'render[ ] it impossible for [a] court, if it

---

[2] We grant the Department's request for judicial notice of this order. (See Evid. Code, §§ 452, subd. (d), 459.)

3

should decide the case in favor of plaintiff, to grant him any effect[ive] relief.'" [Citation.] For relief to be "effective," two requirements must be met. First, the plaintiff must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks.'" (*In re S.R.* (2025) 18 Cal.5th 1042, 1051; see *In re D.P.* (2023) 14 Cal.5th 266, 276.) "'This rule applies in the dependency context. [Citation.] A reviewing court must "decide on a case-by-case basis whether subsequent events in a juvenile dependency matter make a case moot and whether [its] decision would affect the outcome in a subsequent proceeding."'" (*S.R.*, at p. 1042; see *D.P.*, at p. 276.) "'While appellate courts rarely consider postjudgment evidence or evidence developed after the ruling challenged on appeal, such evidence is admissible for the limited purpose of determining whether the subsequent development has rendered an appeal partially or entirely moot.'" (*In re Damian L.* (2023) 90 Cal.App.5th 357, 369.)

"'[W]hen a parent has demonstrated a specific legal or practical consequence that will be averted upon reversal, the case is not moot, and merits review is required. When a parent has not made such a showing, the case is moot, but the court has discretion to decide the merits nevertheless.'" (*In re S.R.*, *supra*, 18 Cal.5th at p. 1052; see *In re D.P.*, *supra*, 14 Cal.5th at p. 283.)

Zuleika's only argument is that the juvenile court should not have removed Nathan and Zuleika Jr. from her at disposition. The court, however, has now returned both children to her. Thus, because the juvenile court has done the very thing Zuleika asks us to do, reversing the order removing the children from her will have no "'practical, tangible impact on the parties' conduct or legal status.'" (*In re D.P.*, *supra*, 14 Cal.5th at p. 277.) Therefore,

4

we cannot grant her any effective relief, and her appeal is moot. (See *In re J.P.* (2017) 14 Cal.App.5th 616, 623 [dependency ""appeal becomes moot when, through no fault of the respondent, the occurrence of an event renders it impossible for the appellate court to grant the appellant effective relief""]; *In re E.T.* (2013) 217 Cal.App.4th 426, 436 ["An appeal may become moot where subsequent events, including orders by the juvenile court, render it impossible for the reviewing court to grant effective relief."].)

Zuleika contends that the Department's "argument that the court determined [her] proposed safety plan was insufficient is unsupported by the record" and that, because she had complied with her case plan by the time of the combined jurisdiction and disposition hearing, "the issue of whether [the Department] made reasonable efforts to prevent removal remains ripe." This appears to be an argument substantial evidence did not support the juvenile court's disposition order removing the children from Zuleika; it is not an argument the appeal from that order is not moot. The court's order placing Nathan and Zuleika Jr. back with both of their parents moots any issue regarding the prior removal order.

Zuleika argues we should exercise our discretion to hear her moot appeal because it presents "important questions affecting the public interest that are capable of repetition." She identifies that issue as: "[A]ny parent whose children have been removed where the department failed to make reasonable efforts to avoid removal will be susceptible to bypass in any future action pursuant to" section 361.5, subdivision (b)(3). (See *In re D.P.*, *supra*, 14 Cal.5th at p. 282 [a reviewing court may exercise discretion to hear a moot appeal where the case presents an issue of broad public interest].)

5

Zuleika's reference to the bypass provision of section 361.5, subdivision (b)(3), does not warrant exercising our discretion to hear her moot appeal.  Section 361.5, subdivision (b)(3), states the juvenile court has discretion not to provide a parent with reunification services where the court finds that the "child or a sibling of the child has been previously adjudicated a dependent pursuant to any subdivision of Section 300 as a result of physical or sexual abuse, that following that adjudication the child had been removed from the custody of the child's parent or guardian pursuant to Section 361, that the child has been returned to the custody of the parent or guardian from whom the child had been taken originally, and that the child is being removed pursuant to Section 361, due to additional physical or sexual abuse." (See *In re T.R.* (2023) 87 Cal.App.5th 1140, 1151; *In re D.F.* (2009) 172 Cal.App.4th 538, 544.)[3]  "If section 361.5, subdivision (b)(3) applies, the court may not order reunification services unless it finds by clear and convincing evidence that reunification is in the best interest of the child." (*S.V. v. Superior Court* (2018) 28 Cal.App.5th 671, 676.)

Section 361.5, subdivision (b)(3), however, does not apply to Zuleika because Nathan and Zuleika Jr. were not adjudicated dependent children of the juvenile court "as a result of physical or

---

[3]     "[S]ection 361.5, subdivision (a), provides that reunification services are mandatory unless a bypass provision applies; section 361.5, subdivision (b), lists the bypass provisions and provides that reunification services are discretionary if any of them [applies]; but section 361.5, subdivision (c), provides that *denial* of reunification services is *mandatory*, not discretionary, with respect to nearly all of the bypass provisions, unless the court makes certain countervailing factual findings." (*In re A.E.* (2019) 38 Cal.App.5th 1124, 1141.)

6

sexual abuse." The juvenile court sustained counts under section 300 based on domestic violence between Zuleika and Fransico and drug and alcohol abuse by Zuleika that rendered her incapable of caring for and supervising the children. There was no allegation or finding of physical or sexual abuse. And the possibility a future court would interpret the domestic violence findings as physical or sexual abuse is entirely speculative. (See *In re Miguel J.* (2025) 114 Cal.App.5th 635, 648-649 [whether domestic violence findings under section 300, subdivisions (a) and (b), "might be misinterpreted in a hypothetical future case" to "bypass reunification services for [the parent] under section 361.5, subdivision (b)(3)," was "purely speculative"].) Such a possibility is "too speculative for purposes of avoiding mootness." (*In re D.P.*, *supra*, 14 Cal.5th at p. 280.)

The Department's request for judicial notice is granted. The appeal is dismissed as moot. (See *In re N.S.* (2016) 245 Cal.App.4th 53, 58-59 ["An appellate court will dismiss an appeal when an event occurs that renders it impossible for the court to grant effective relief."].)

SEGAL, J.

We concur:

MARTINEZ, P. J.          STONE, J.

7